# Browder et al. v. The State.

### Indictment for Grand Larceny.

1. *Impeachment of witness; incompetent evidence.*—On the examination of a witness it is not competent, for the purpose of laying a predicate for impeachment, to ask him if he did not say, about 18 months prior to the alleged commission of the larceny about which the witness had testified, "that he would do anything for money."

2. *Charge to the jury; conspiracy.*—On the trial of two defendants under an indictment for the larceny of a hog, where the evidence showed that the hog was killed by one of the defendants, and was stronger in some of its tendencies against one than the other, a charge that instructs the jury that, if they "believe beyond a reasonable doubt that these defendants agreed, either expressly or impliedly, that they could go down in the swamp for the purpose of stealing a hog, and in pursuance of that understanding, and for the purpose of carrying out said understanding or agreement" one of these defendants shot the hog in question, "then that would constitute a conspiracy between these defendants," contains a correct exposition of the law of conspiracy, and is properly given.

3. *Same; corroborative evidence.*—Where the evidence in a criminal case does not clearly show that the principal witness for the State was an accomplice of the defendant, and the evidence tends to corroborate the testimony of such witness, it is proper to refuse a charge that instructs the jury that a conviction can not be had on the uncorroborated evidence of such witness, "and if there is any corroborating evidence it must show more than the mere commission of the offense or the circumstances connected therewith."

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN R. TYSON.

The appellants, Bailey Browder and Brit Linton, were indicted, tried and convicted for the larceny of a hog. The facts of the case are sufficiently stated in the opinion.

The court, among other things, instructed the jury as follows: "If you believe beyond a reasonable doubt that these defendants agreed either expressed or implied that they could go down in the swamp for the purpose of stealing a hog, and in pursuance of that understanding and for the purpose of carrying out said understand-

[Browder et al. v. The State.]

ing or agreement, Brit Linton shot Lindsay's hog, then that would constitute a conspiracy between these defendants."

The defendants duly excepted to this portion of the court's general charge, and also excepted to the court's refusal to give the following charge requested by him : (1) "The court charges the jury that a conviction can not be had in this case on the uncorroborated evidence of Hill Oglesby, and if there is any corroborative evidence it must show more than the mere commission of the offense, or circumstances connected therewith."

GAMBLE & BRICKEN, for appellants.—The objection to the question asked the witness Oglesby, with a view to his impeachment should not have been sustained. Great latitude is allowed in the cross-examination of witnesses.—*Lumpkin v. State*, 68 Ala. 56 ; *Marler v. State*, 68 Ala. 580. The charge given by the court was erroneous, and was not in keeping with the law of conspiracy. *State v. Murphy*, 6 Ala. 765 ; *Thompson v. State*, 25 Ala. 41 ; *Frank v. State*, 27 Ala. 37 ; *Davidson v. State*, 33 Ala. 350 ; *Harrington v. State*, 36 Ala. 236. The charge asked by the defendant should have been given. It is substantially in the language of the Code, and is abundantly sustained by the decisions of this court.—*Lumpkin v. State*, 68 Ala. 56 ; *Marler v. State*, 68 Ala. 580.

WM. L. MARTIN, Attorney-General, for the State.—The impeachment of the witness could not be done in the manner attempted.—*King v. State*, 90 Ala. 612 ; 3 Brick Dig. 828, § § 95, 101. The charge given by the court correctly states the law as to conspiracy, and was properly given. The word "could" as used in the charge is used in the sense of the word "would"—*Martin v. State*, 89 Ala. 115. The charge asked by the defendants assumed that the witness Oglesby was the accomplice of the defendant, and that his testimony was uncorroboated ; while in fact it was not clearly shown that the witness was the accomplice, and there was testimony tending to corroborate his evidence. The charge was, therefore, properly refused.—*Malachi v. State*, 89 Ala. 134 ; *Ross v. State*, 74 Ala. 532 ; *Snoddy v. State*, 75 Ala. 23 ; *Smith v. State*, 59 Ala. 104 ; *Lockett v. State*, 63 Ala. 5.

HARALSON, J.—The owner of the hogs said to have

been stolen,—one H. H. Lindsay,—testified that he own-ed'and lost, about the 1st of October, 1893, a blue sow about eighteen months old; and a black and spotted bar-row about three years old; and another witness intro-duced by the State, proved the ownership, loss and de-scription of the hogs, about as the owner had testified.

The State introduced one Hill Oglesby, who testified that about the last of September, 1893, the defendant, Brit Linton and Bailey Browder, came along by his house with their guns, and asked witness to go hunting with them; that he thought he knew what they were up to, and went with them into the creek swamp; that a blue hog came along and Brit Linton shot it, and said it was Lindsay's hog; that defendants divided it between them, and Bailey Browder said he was going to sell his part to Jim Kirby; that witness got no part of the hog and had nothing to do with the killing and cleaning of it. On the cross-examination he testified, that he told Esquire Tate that he wanted to turn State's evidence and swear out a warrant against defendants, which he did do.

Here the defendant's counsel, "to lay a predicate," as is stated, asked the witness, if he did not tell John Ches-ser, in the presence of Nathan Reeves, at witness's house, in January of the last year, (1892,) that he would do anything for money, or do anything if he were paid enough for it? On objection by the State, the question was not allowed to be answered and defendants ex-cepted. It was not stated, what this was a predicate for. It was asked about an occurrence, if true, which happened about 18 months before the larceny charged in this case is shown to have happened, if at all; it had no reference to this case and was contrary to the prescribed methods for impeaching a witness, and was properly disallowed.

There was other evidence by the State tending to sup-port the charge, and the evidence introduced by defen-dants, tended to disprove it. The charge given by the court for the State, proceeded on the idea that before de-fendants went into the swamp, they entered into an agreement to do so for the very purpose which they ac-complished,—that of killing a hog,—and as the evi-dence showed that the killing was done by one of them, and, in some of its tendencies, was stronger against the one than the other, the charge, which is a correct expo-

sition of the law of conspiracy, was not improper. The word "could" inaptly used for *would*, does not vitiate it. The meaning of the charge is unmistakable.

The charge asked by the defendants was properly refused. The evidence does not clearly show that Oglesby was an accomplice. The charge requested assumes that he was. But, admitting his complicity, there was evidence tending to corroborate him.

Affirmed.


