(88 South. 374)

**VAUGHAN v. STATE.   (7 Div. 704.)**

(Court of Appeals of Alabama.   Feb. 8, 1921.)

1. **Criminal law** ⟜1116—**No review of ruling on demurrer, in absence of showing of ruling.**

Where the indictment was demurred to, but the judgment failed to show any ruling on demurrer, there is nothing for the appellate court to pass on.

2. **Criminal law** ⟜1144(3)—**Overruling motion to quash presumed proper, in absence of motion.**

Where judgment shows a ruling on a motion to quash the indictment, but no motion to quash appears in the record, the appellate court will presume that the court's action on the motion was without error.

3. **Criminal law** ⟜364(3)—**Statement of defendant when arrested admissible as res gestæ.**

In prosecution for manufacturing liquor, it was not error to admit testimony of witness to statement made by defendant at the still at the time the arrest was made; it being a part of the res gestæ.

**4. Criminal law ⬤══373—Crime of manufacturing liquor is continuous in nature, and evidence of other runs is admissible.**

The crime of manufacturing liquor is continuous in its nature, and when referring to the same still and location, proof of other runs having been made would be competent to establish the offense.

Appeal from Circuit Court, St. Clair County; W. J. Martin, Judge.

Fred Vaughan was convicted of manufacturing liquor, and appeals. Affirmed.

C. R. Robinson, of Ashville, for appellant. J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J. [1] The indictment was demurred to, but the judgment of the court fails to show any ruling on demurrer. In the absence of such ruling, there is nothing for this court to pass upon.

[2] The judgment shows a ruling on a motion to quash the indictment, but no motion to quash appears in the record. In the absence of such motion, this court will presume that the court's action on the motion was without error.

[3, 4] The admission of the testimony of the witness Watson to the statement made by the defendant at the still at the time the arrest was made was not error, for the reason that what defendant said there at the time was a part of the res gestæ. Again, the crime of manufacturing liquor is continuous in its nature, and, when referring to the same still and location, proof of other "runs," having been made would be competent evidence to establish the offense.

There is no error in the record, and the judgment is affirmed.

Affirmed.