## WEBB v. STATE. (7 Div. 859.)

(Court of Appeals of Alabama. June 26, 1923. Rehearing Denied July 14, 1923.)

**I. Criminal law &copy;&rarr;1086(14)—Objection of failure to prove time of offense must be made below.**

Where it is not affirmatively shown by the record that the failure of the prosecution to prove the time of the commission of the offense was brought to the attention of the trial court, that court will not be put in error for refusing the affirmative charge, under Circuit Court Rule 35.

**2. Criminal law &copy;&rarr;369(15), 370—Evidence of accused's presence at still two weeks before held admissible.**

In prosecution for possession of a still at a time testified to by one R., it was proper to permit one G. to testify that he saw accused at the same still at the same place about two weeks prior to the time R. saw him and raided the still; the crime of possessing a still being continuous in its nature, and such evidence being admissible to prove guilty knowledge and to establish the identity of accused at the time as to which R. testified.

**3. Criminal law &copy;&rarr;753(2)—On conflicting evidence, affirmative charge held properly refused.**

The general affirmative charge for accused is properly refused where the evidence is conflicting.

**4. Intoxicating liquors &copy;&rarr;239(1)—Requested charge on evidence held properly refused.**

In prosecution for possessing a still, where the evidence was sufficient to justify verdict of guilty, it was proper to refuse accused's requested charge that, "The mere fact that defendant was at the still, and perhaps lifted the cap and looked at the beer, is not enough to convict defendant, and if that is all he did and had nothing to do with the operation of or the possession of the still," it being faulty, as the jury might infer guilt from the facts stated, and also not being predicated upon the evidence.

Appeal from Circuit Court, DeKalb County; W. W. Haralson, Judge.

Joe Webb, alias Joseph Webb, was convicted of violating the Prohibition Law, and appeals. Affirmed.

Charge 2, refused to defendant, is as follows:

"The mere fact that defendant was at the still, and perhaps lifted the cap and looked at the beer, is not enough to convict defendant, and if that is all he did and had nothing to do with the operation of or the possession of the still."

Isbell & Scott, of Ft. Payne, for appellant.

The burden was on the state to prove the offense was committed since the passage of the statute. Acts 1919, p. 6. The state must elect the act upon which it will prosecute, and cannot prove other distinct acts. Burgess v. State, 18 Ala. App. 529, 92 South. 911. The general charge should have been given for defendant. Fillmore v. State, 18 Ala. App. 334, 92 South. 94.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Failure of proof as to venue, time, etc., must be called to the attention of the trial court before argument concluded. Circuit court rule 35; Ray v. State, 16 Ala. App. 496, 79 South. 620. The possession of a still is a continuous offense, and evidence of more than one act is admissible. Vaughan v. State, 18 Ala. App. 57, 88 Ala. 374; Childers v. State, 18 Ala. App. 396, 92 South. 512; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782; 4 Mich. Ala. Dig. 152. A charge not requiring the finding of the jury to be predicated on the evidence is defective. Edwards v. State, 205 Ala. 160, 87 South. 179.

FOSTER, J. The defendant was charged in the first count of the indictment with manufacturing prohibited liquors, and in the second count with having in his possession a still. The evidence was sufficient to justify the verdict of guilt.

[1] Counsel for appellant insist that there was no proof of the time of the commission of the offense charged, and that the affirmative charge requested by the defendant should have been given on this ground.

The point upon which the charge was asked was not brought to the attention of the trial court as required by Circuit Court Rule 35, which is as follows:

"Whenever the general charge is requested, predicated upon failure of proof as to time, venue or any other point not involving substantive right of recovery or of defense, or because of some immaterial omission in the evidence of the plaintiff or defendant, the trial court will not be put in error for refusing said charge, unless it appears upon appeal, that the point upon which it was asked was brought to the, attention of the trial court before the argument of the case was concluded," etc.

It is not affirmatively shown by the record that the failure of the prosecution to prove the time of the commission of the offense was brought to the attention of the trial court, and in the absence of such proof the trial court will not be put in error for refusing the affirmative charge. Hendrix v. State, 11 Ala. App. 207, 65 South. 682; Jones v. State, 13 Ala. App. 10, 68 South. 690; Ray v. State, 16 Ala. App. 496, 79 South. 620; McPherson v. State, 198 Ala. 5, 73 South. 387.

---

[2] The state elected to prosecute for the possession of a still at a time testified to by. one Rogers.

A witness, Gardner, was permitted over the objection of the defendant to testify that he saw the defendant at the same still at the same place about two weeks prior to the time Rogers saw him and made the raid on the still.

The crime of possessing a still is continuous in its nature, and when referring to the same still and location, proof of the presence of defendant at the same still and location a short time prior to the time relied on by the state for conviction is competent to establish the offense.

The offense testified to by Rogers and that testified to by Gardner related to the same defendant, the same still, and the same location, and were so connected, the possession being continuous, that they form part of one transaction and constitute but one offense. Vaughan v. State, 18 Ala. App. 57, 88 South. 374.

As a general proposition, upon a trial for one offense, evidence of another distinct offense, though of the same nature, is inadmissible. But this rule is not without its limitations or exceptions. "Where it becomes necessary to prove a guilty knowledge on the part of the prisoner, evidence of other offenses committed by him, though not charged in the indictment, is admissible for that purpose. It is upon this principle that, on the trial of an indictment for uttering a forged bank note, knowing it to be forged, evidence may be given of other forged notes having been uttered by the prisoner, in order to show his knowledge of the forgery. Rex v. Whiley, 2 Leach's C. C. 983; 2 Russ. Cr. 777; Tharp v. State, 15 Ala. 749. If it be material to show the intent with which the act charged was done, evidence may be given of a distinct offense not laid in the indictment. Hence, upon an indictment for malicious shooting, if it be questionable whether the shooting was by accident or design, proof may be given that the prisoner, at another time, intentionally shot at the same person. Rex v. Voke, Russ. & R. 531. So, in an indictment for adultery, previous improper familiarities may be proved, to show the quo animo. Lawson v. State, 20 Ala. 66, 56 Am. Dec. 182; Wharton's Cr. L. §§ 649, 2653. In like manner, evidence of a distinct offense is competent, for the purpose of proving the existence of a motive to commit the crime in question, in cases where there is some apparent connection or relation between the imputed motive and the felony charged. People v. Wood, 3 Parker, Cr. R. 681; 2 Russell on Crimes, 778. In cases where a question is raised as to the identity of the person committing the offense, or of the instrument used, evidence of other offenses is sometimes admitted for the purpose of establishing such identity. 2 Russ. Cr. 779; Taylor's Evi. § 250." Ingram v. State, 39 Ala. 252, 84 Am. Dec. 782.

The court stated to the jury that the defendant could only be convicted, if at all, for possessing the still at the time testified to by the witness Rogers, and that the testimony of Gardner was competent, not for 'a conviction at the time said witness saw the defendant, but on the question of whether the defendant was in possession of the still at the time Rogers saw him. It was permissible for the state to show the possession of the still by the defendant at another time at the same place to prove the guilty knowledge, and to establish the identity of the defendant at the time for which the state elected to prosecute. Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782, 4 Michie's Ala. Dig. p. 152, par. 222. There was no error in the ruling of the court admitting the evidence.

[3] Charge 1, the general affirmative charge for the defendant, was properly refused; there was a conflict in the evidence.

[4] Charge 2 was faulty, as the jury might infer guilt from the facts stated; and it was not predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179.

The record discloses no error. The judgment of the circuit court is affirmed.

Affirmed.