(100 So. 619)

### DAWKINS v. STATE. (4 Div. 941.)

(Court of Appeals of Alabama. June 10, 1924.)

1. **Criminal law ⬤≫412(1), 422(8) — Statements by defendant or codefendant in his presence admissible.**

In prosecution for larceny of hogs, where proper predicate was laid, statement relating to stolen meat, either by defendant or by his codefendant in his presence, was admissible.

2. **Conspiracy ⬤≫47—Provable by circumstantial evidence.**

Conspiracy to commit crime may be proved by circumstantial evidence.

3. **Criminal law ⬤≫422(1)—When prima facie conspiracy proved, declarations by one coconspirator are admissible against the other.**

When evidence establishes prima facie conspiracy between defendant and another to commit crime, declarations of one coconspirator may be admissible against another.

4. **Criminal law ⬤≫424(1)—Larceny ⬤≫51(1) —Evidence that part of stolen meat was found in defendant's house and part in codefendant's held admissible.**

Where evidence tended to show both defendants to be guilty of larceny of hogs, evidence that part of meat therefrom was found at defendant's house and part at codefendant's was admissible against defendant.

5. **Witnesses ⬤≫367(1)—Evidence that witness was surety on defendant's appearance bond admissible to show interest.**

State was properly permitted to show by defendant's witness that he was surety on defendant's appearance bond as tending to show witness' interest or bias.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Fletcher Dawkins was convicted of grand larceny, and appeals. Affirmed.

Lee & Tompkins, of Dothan, for appellant.

There was error in the admission of evidence. Whitaker v. State, 106 Ala. 30, 17 South. 456; Curtis v. State, 118 Ala. 125, 24 South. 111; Campbell v. State, 23 Ala. 44; Noles v. State, 26 Ala. 31, 62 Am. Dec. 711; Hereford v. Combs, 126 Ala. 380, 28 South. 582.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It was permissible for the state to show all that was done by defendants in their common design. 1 Mayfield's Dig. 217. It is competent to show interest or bias of a witness. Bigham v. State, 203 Ala. 162, 82 South. 192.

FOSTER, J. The appellant was jointly indicted with Louie Leonard for grand larceny. A severance was demanded, and the appellant was tried and convicted. The prosecution was for the larceny of two hogs, the personal property of Donie Norton.

There was evidence that the hogs were missing, and tracks of two hogs and tracks of two men were traced to a point near the homes of the defendant and Louie Leonard, where there were indications that hogs had been killed. Both the defendant and Louie Leonard were found at the home of the defendant and denied having any fresh meat at their houses. A whole hog recently killed was found at defendant's house. There was evidence tending to identify this dead hog found as one of the hogs belonging to the prosecuting witness, Donie Norton.

[1] One Helmes, a witness for the state, was asked, "Did you hear Fletcher Dawkins or Louie Leonard in Fletcher Dawkins' presence say anything with reference to the meat when you were there?" Objection was made to the question and motion made to exclude the answer. "They said there wasn't any meat there." The solicitor asked, "You heard them say something?" Witness answered, "Yes, sir." The solicitor for the state then laid proper predicate to show that the answer was voluntary, and then

---

⬤≫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

asked "What did they say?" The witness answered, "Said there wasn't any meat there." Proper predicate having been laid, any statement relating to the stolen meat, either admitting or denying knowledge or possession of it, by either the defendant or his codefendant in the indictment, in the presence of the other, was admissible.

If two persons agree either expressly or impliedly that they will steal a hog and one of the defendants shoot the hog, this was construed a conspiracy. Browder v. State, 102 Ala. 164, 14 South. 895.

[2] A conspiracy to commit a crime may be proven by circumstantial evidence. Marler v. State, 67 Ala. 55, 42 Am. Rep. 95.

[3] When the evidence establishes prima facie a conspiracy between the defendant and another to commit the crime with which he is charged, declarations of one coconspirator may be admissible against another. Hunter v. State, 112 Ala. 77, 21 South. 65; Johnson v. State, 87 Ala. 39, 6 South. 400; McAnally v. State, 74 Ala. 16; Amos v. State, 83 Ala. 1, 3 South. 749.

[4] There was evidence tending to show that both the defendant and Louie Leonard were guilty of the larceny of the hogs. Evidence that part of the stolen property was found at the defendant's house and part at Leonard's house was admissible against the defendant. Martin v. State, 89 Ala. 115, 8 South. 23, 18 Am. St. Rep. 91; Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31; Evans v. State, 109 Ala. 11, 19 South. 535.

[5] It was permissible for the state to show by a defendant's witness that he was surety on defendant's appearance bond as tending to show the witness' interest or bias in the case. Lumpkin v. State, 19 Ala. App. 272, 97 South. 171.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.