(105 So. 431)

LOCKHART v. STATE. (6 Div. 736.)

(Court of Appeals of Alabama. Aug. 4, 1925.)

1. Indictment and information ⊕⇒176 — State properly permitted to show possession of same still at different times and places.

In prosecution for unlawful possession of a still, that court permitted state's witness to testify, upon being recalled, that, at a different time and place from the time and place first testified to by state's witnesses, he saw defendant with a still in his possession, held not reversible error, where it was the same still as testified to originally by state's witnesses, since a conviction for one offense only was thereby insisted upon.

2. Intoxicating liquors ⊕⇒174—Offense of unlawfully possessing a still is continuous in its nature.

Offense of unlawfully possessing a still, to be used for the inhibited purposes designated by statute, is continuous in its nature.

Appeal from Circuit Court, Lamar County; R. L. Blanton, Judge.

Marcellus Lockhart was convicted of possessing a still, and he appeals. Affirmed.

J. C. Milner, of Vernon, for appellant.

Evidence of other offenses, separate and distinct, is incompetent and improper. Dennison v. State, 17 Ala. App. 674, 88 So. 211; Childers v. State, 18 Ala. App. 396, 92 So. 512; Brooms v. State, 15 Ala. App. 118, 72 So. 691; Ex parte State, 197 Ala. 419, 73 So. 35; Windham v. State, 20 Ala. App. 16, 100 So. 457.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The crime of possessing a still is a continuous offense, and the state is not limited to showing that the defendant was seen with the still on one occasion only. Webb v. State, 19 Ala. App. 359, 97 So. 246; Blackstone v. State, 19 Ala. App. 582, 99 So. 323.

BRICKEN, P. J. From a judgment of conviction for the offense of unlawfully possessing a still to be used for the purpose of manufacturing prohibited liquors or beverages, this appeal was taken.

[1, 2] The insistences of error relied upon for a reversal relate to the rulings of the court upon the admission of testimony—the principal contention being that the court committed error in permitting state witness Duncan to testify, upon being recalled, that, at a different time and place from the time and place first testified to by the state's witnesses, he saw the defendant with a still in his possession; the contention being that the state had elected to try the defendant for having in his possession a still at a certain time and place, but notwithstanding, over the objection and exception of defendant, the state was permitted to prove by its witness Duncan that, about a week before that, he saw appellant with a still. It is insisted that this was a separate and distinct offense from the original charge for which the state had elected to proceed, and was therefore a matter not the subject of inquiry upon this prosecution. Able counsel for appellant state correctly the law relative to a question of

this character, and cite several cases in point, decisions by the Supreme Court and also by this court. We are of the opinion, however, that the law as stated by counsel for appellant and the decisions cited, while sound, are not in point here; in other words, are not applicable to the facts contained in this record. It is elementary that the offense of unlawfully possessing a still, to be used for the inhibited purposes designated by statute, is continuous in its nature. Webb v. State, 19 Ala. App. 359, 97 So. 246; Blackstone v. State, 19 Ala. App. 582, 99 So. 323. The evidence complained of tended to show that the still in question was the same still found near the field of defendant in operation as testified to originally by the several witnesses for the state. If this is true, the state could properly be permitted to show possession of the same still at different times and different places; a conviction for one offense only being insisted upon.

We are convinced that there was no error in any ruling of the court upon the testimony, or otherwise. The record being also free of error, let the judgment of conviction appealed from stand affirmed.

Affirmed.