### FULLER v. STATE.　(5 Div. 603.)

(Court of Appeals of Alabama. March 16, 1926.)

1. **Intoxicating liquors ⚖═238(1).**

Conflicting testimony in prosecution for distilling alcoholic liquors and possessing still *held* properly submitted to jury.

2. **Indictment and information ⚖═125(3)—Indictment charging, in separate paragraphs, that defendant manufactured liquor and that he manufactured, sold, gave away, or had in his possession still, apparatus, etc., held to consist of two separate counts, and not to charge two offenses in one count.**

Indictment charging that defendant manufactured alcoholic, spirituous, malted, or mixed

liquors or beverages, and in another paragraph that defendant "manufactured, sold, gave away, or had in his possession a still, apparatus," etc., for purpose of manufacturing liquor, *held* to consist of two separate and sufficient counts, and not demurrable as charging two offenses in one count.

3. **Witnesses** ⟜236(1)—**Objection to question whether witness had made note of transaction held properly sustained, where answer would merely have fortified witness' statement.**

Objection to question whether witness had made note of transaction at defendant's house was properly sustained, where answer would have merely served to fortify witness' own statement that both he and defendant were there.

4. **Witnesses** ⟜277(2)—**Cross-examination of one defendant, as to whether other defendant was surety on bond of one under indictment for identical offense, held proper.**

Cross-examination of one of defendants, as to whether or not his brother, the other defendant, was surety on bond of one who was under indictment for identical offense for which defendants were on trial, *held* proper.

5. **Criminal law** ⟜359—**Testimony that another was under indictment for offense growing out of same circumstances held properly admitted, when corroborating state's witnesses as to things which were part of res gestæ.**

In prosecution for distilling liquor and possessing a still, evidence that another was under indictment for offense growing out of same circumstances *held* properly admitted, when corroborating state witnesses as to things which were part of res gestæ.

6. **Criminal law** ⟜359—**Evidence in prosecution for distilling and possessing still, that one under indictment for same offense was seen near still on morning preceding raid, was properly admitted.**

In prosecution for distilling liquor and possessing still, evidence that one under indictment for same offense was seen near where still was located on morning preceding raid was admissible.

7. **Witnesses** ⟜283.

Matter of recalling a witness for further cross-examination is within trial court's discretion.

8. **Criminal law** ⟜1170½(1)—**Admission in rebuttal of state's testimony tending to impeach witness on immaterial matter held not prejudicial error.**

Admission of evidence, offered by state on rebuttal, though tending to impeach testimony of witness as to an immaterial matter, *held* not prejudicial error.

9. **Criminal law** ⟜423(1)—**Testimony that one of defendant's accomplices was found near still on day before raid held relevant and admissible.**

Where defendant was charged with having been found in act of distilling in conjunction with two other persons, testimony showing that one of accomplices was at or in close proximity to still on day before was relevant and admissible.

10. **Criminal law** ⟜829(1).

Defendant's requested charges, covered by other charges given at his request, were properly refused.

11. **Criminal law** ⟜813.

Defendant's requested charges, which were abstract, were properly refused.

12. **Criminal law** ⟜809.

Defendant's requested charges, which were misleading, were properly refused.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Exotis Fuller was convicted of violating the prohibition law, and he appeals. Affirmed.

The indictment is as follows:

"The grand jury of said county charge that, before the finding of this indictment Exotis Fuller, alias Exodus Fuller, alias E. C. Fuller, whose true Christian name is to the grand jury otherwise unknown, did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, some part of which was alcohol, contrary to law.

"And the grand jury of said county further charge that, before the finding of this indictment, Exotis Fuller, alias Exodus Fuller, alias E. C. Fuller, whose true Christian name is to the grand jury otherwise unknown, manufactured, sold, gave away, or had in possession a still, apparatus, appliance, or some device or substitute for a still, apparatus, or appliance to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law, against the peace and dignity of the state of Alabama."

Defendant demurred to the indictment, upon the ground that it charged the defendant with the commission of two separate offenses in one count.

Walter S. Smith, of Lineville, for appellant.

A count in an indictment charging two distinct offenses is vicious. Thomas v. State, 20 So. 617, 111 Ala. 51; Code 1923, § 4546; Const. 1901, § 7. Objection to the questions whether defendant's brother went on another's bond, and whether Dave Sterling was indicted for the same offense, should have been sustained. Moseley v. State, 99 So. 657, 19 Ala. App. 588; Cobb v. State, 103 So. 387, 20 Ala. App. 542. The cross-examination of the witness Mattie Wilson, upon being recalled by the state was erroneous. Greenleaf on Evi. §§ 442, 445; Philadelphia & T. R. Co. v. Stimpson, 14 Pet. 461, 10 L. Ed. 535; Cole v. Gay & Bruce, 104 So. 774, 20 Ala. App. 643; Hickman v. State, 67 So. 775, 12 Ala. App. 22. A witness cannot be impeached upon an immaterial matter. Rosenbaum v.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

State, 33 Ala. 354; Blakey v. Blakey, 33 Ala. 611; Orr v. State, 18 So. 142, 107 Ala. 35; Funderburk v. State, 39 So. 672, 145 Ala. 661.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The indictment was not subject to demurrer. McKenzie v. State, 97 So. 155, 19 Ala. App. 319; Taylor v. State, 88 So. 205, 17 Ala. App. 579. Whether witness made a note of a transaction with defendant was immaterial. Sexton v. State, 98 So. 705, 19 Ala. App. 408; Pope v. State, 53 So. 292, 168 Ala. App. 33. Whether or not one of the defendant's brothers was a surety on the bond of another indicted for the same offense was proper subject of cross-examination. Lumpkin v. State, 97 So. 171, 19 Ala. App. 272; Phillips v. State, 65 So. 673, 11 Ala. App. 174; Dawkins v. State, 100 So. 619, 20 Ala. App. 54. That Sterling was indicted for the same offense, and was seen near the still, was admissible. Leverett v. State, 93 So. 347, 18 Ala. App. 578; Durden v. State, 93 So. 342, 18 Ala. App. 498; Dawkins v. State, 99 So. 661, 19 Ala. App. 589; Webb v. State, 97 So. 246, 19 Ala. App. 359. There was no error in the examination of witness Mattie Wilson. Du Bose v. State, 99 So. 746, 19 Ala. App. 630; Suttle v. State, 96 So. 90, 19 Ala. App. 198.

RICE, J. [1] Appellant was convicted of the offense of violating the prohibition laws by distilling alcoholic liquors, or having in his possession a still, etc., to be used for that purpose.

The state offered direct proof by several eyewitnesses that the appellant was seen in the act of working at a still, which was at the time in full operation, manufacturing whisky.

The appellant offered proof by a large number of witnesses which tended to show that he was at the time in question several miles removed from the location of the still, and testified in his own behalf that he was not present at the still, and had no interest in, or connection with, same.

There was thus a conflict in the testimony proper to be submitted to the jury for its decision.

[2] The indictment clearly consisted of two separate counts, each of which was sufficient under the law, and the demurrers thereto were properly overruled. McKensie v. State, 97 So. 155, 19 Ala. App. 319.

[3] There was no error in sustaining the state's objection to the question to the witness Pitts as to whether or not he made a note of the transaction at defendant's house on the morning the still was alleged to have been raided. The answer would have merely served to bolster up or fortify the witness' own statement that both he and the defendant were there. Sexton v. State, 98 So. 705, 19 Ala. App. 408.

[4] It was proper to allow cross-examination of one of the defendants (they being both on trial at the same time) as to whether or not his brother, a witness in the case, the other defendant, was a surety on the bond of a party who was under indictment for the identical offense for which the two of them were on trial. Lumpkin v. State, 97 So. 171, 19 Ala. App. 272; Dawkins v. State, 100 So. 619, 20 Ala. App. 54.

[5] Likewise it was not improper to allow the state to offer evidence to the effect that Dave Sterling was under indictment for an offense growing out of the same circumstances. This matter was relevant as showing the connection of the three in the distilling, which corroborated the witnesses for the state as to things which were a part of the res gestæ. Leverett v. State, 93 So. 347, 18 Ala. App. 578; Durden v. State, 93 So. 342, 18 Ala. App. 498.

[6] There seems to have been no objection by the defendant to allowing the witness Gay to state that, on the morning preceding the raid of the still in question, Dave Sterling was seen near where same was located. Anyway under the following authorities it would seem that such testimony was admissible: Dawkins v. State, 99 So. 661, 19 Ala. App. 589; Webb v. State, 97 So. 246, 19 Ala. App. 359; Vaughn v. State, 88 So. 374, 18 Ala. App. 57; Blackstone v. State, 99 So. 323, 19 Ala. App. 582.

[7,8] No objection was made to the recalling by the state of witness Mattie Wilson for further cross-examination, which was a matter, though, within the discretion of the trial court. And there was no prejudicial error in allowing the state to offer evidence which tended to impeach the testimony of this witness. This matter was admissible in rebuttal.

The record discloses that a witness for the defendant had sought to establish an alibi for the defendants, as well as the said Sterling, also under indictment for the same offense, by testifying that it was on September 13th that he had Sterling and the negro woman in his car; that he took Sterling by the defendant's house, where he saw defendants "about a half-hour by sun, or a little better." It appears that the testimony as to the transaction on September 12th was admissible in rebuttal, even though it tended incidentally to impeach the said witness Mattie Wilson as to an immaterial matter. DuBose v. State, 99 So. 746, 19 Ala. App. 630; Suttle v. State, 96 So. 90, 19 Ala. App. 198.

[9] Moreover, this evidence, we think, was admissible to impeach the witness Mattie Wilson because it was *not* as to an immaterial or collateral matter. The appellant being charged with having been found in the act of distilling in conjunction with two other persons, it was relevant to show that one of appellant's accomplices was at or in close proximity to the still on the day before.

Dawkins v. State, supra; Webb v. State, 97 So. 246, 19 Ala. App. 359; Leverett v. State, 93 So. 347, 18 Ala. App. 578; Durden v. State, 93 So. 342, 18 Ala. App. 498.

[10] Appellant's written ,refused charges Nos. 1, 2, 4, 5, 6, 7, 9, 12, I, J, K, were covered by other charges given at appellant's request, in connection with the oral charge of the court, and hence were properly refused.

[11,12] His requested charges 3 and 16 and C were each abstract, and properly refused. Refused charge 8 was faulty and misleading; the same as to refused charge 11. Then, too, the principle sought to be embodied in both charges 8 and 11 was fully covered by the oral charge of the court, in connection with the charges given at .appellant's request. Refused charges B, E, and F were each misleading and properly refused. Refused charge A was misleading and properly refused.

We have scrupulously examined the record and each exception reserved on the trial of this case, as well as each written charge refused to defendant. It appears that no error occurred or was committed anywhere which could have affected any substantial right of the appellant adversely. The issues were clear cut and amply supported by evidence, both for and against the defendant. The verdict of the jury was based upon ample evidence, properly elicited.

The judgment is affirmed.

Affirmed.