(112 So. 901)

## CAMPBELL v. STATE. (6 Div. 952.)

(Court of Appeals of Alabama. Jan. 11, 1927.

Rehearing Denied March 8, 1927.)

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of buying, receiving, concealing, or aiding in concealing one Ford automobile, of the value of $600, the personal property of J. W. McLendon, knowing that it was stolen, and not having the intent to restore it to the owner. He was given a sentence to serve not less than five nor more than six years in the penitentiary.

A discussion of the evidence would not be helpful. It was ample to support the verdict of guilt.

No exception to the ruling of the court overruling appellant's motion for a new trial is shown by the bill of exceptions, and the same will not be considered. Ex parte Thomas, 207 Ala. 662, 93 So. 521. Anyway, it seems the court acted properly.

The written requested charge refused to appellant seems to have been fully covered, in substance, in so far as it was correct, by the court's oral charge, in connection with the charges given at appellant's request, and there was no error in refusing same. Without that, though, its refusal would not have been error, for, as framed, it did not state the law correctly.

It was discretionary in the court to allow the questions put to the jurors upon their qualifications, etc.

There was no error in allowing the witness Giles to give testimony as to statements against interest made to him by defendant. Proper predicate was laid. Dawkins v. State, 20 Ala. App. 54, 100 So. 619.

A great many exceptions were reserved to rulings of the trial court on the taking of testimony. We have examined each of them. In none of them do we think there was prejudicial error. The identity of the car found in the possession of appellant, as being the one which was stolen, was a question for the jury. There was ample evidence to support their finding. Whether every ruling with reference to the changing of the numbers on the car, vel non, was technically correct or not,

Prosch & Prosch and J. S. McLendon, all of Birmingham, and O. D. Street & Son, of Birmingham, for appellant.

we do not see that appellant was injured, or could have been by same. The question of his guilt, vel non, under the evidence, did not in any way hinge on the answers to these questions.

There was no error in overruling appellant's motion to declare a mistrial on account of certain questions propounded by the solicitor. The court instructed the jury not to consider them, and this was enough, under the circumstances.

The case appears to have been carefully tried, and fairly.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.

Harwell G. Davis, Atty. Gen., for the State.