141 So. 915

## STATHAM v. STATE.

### 6 Div. 233.

Court of Appeals of Alabama.

May 17, 1932.

C. J. Griffith and W. M. Westbrook, Jr., both of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of having in his possession, etc., a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages. Code 1923, § 4656.

■ He interposed a plea of former jeopardy. And it was duly agreed that the issue thus raised should be adjudicated along with, and before the same jury that tried, the charge against him on the merits.

The indictment on which the instant trial was predicated was returned against appellant on August 21, 1929. The evidence was without dispute that the offense, upon which same was based, occurred during the month of March, 1929.

It also appears, without dispute, that there was an indictment returned against appellant on February 8, 1929, under which appellant had been tried and convicted prior to the trial resulting in the judgment here appealed from.

It was the contention of appellant, supported by his own testimony, and corroborated to a degree—slight, or otherwise, depending upon the viewpoint—by that of at least one other witness, that the still, etc., for the possession of which he was prosecuted in this case, was the same still, etc., for the possession of which he was prosecuted and convicted under the indictment returned against him on February 8, 1929.

The court has read the entire evidence, sitting en banc, and, while it is apparent that the evidence supporting appellant's plea of former jeopardy is rather inconclusive, still we think and hold it made an issue, under that plea, that should have been submitted to the jury. The jury might not, in their just province, have viewed it as being inconclusive.

■ If the still, etc., the possession of which was the basis of each of the two indictments above referred to, was, indeed, one and the same still, etc., in each case, appellant, having been formerly convicted upon a trial under the indictment returned February 8, 1929, could not, of course, be properly convicted upon this trial. Webb v. State, 19 Ala. App. 359, 97 So. 246. And see Lockhart v. State, 21 Ala. App. 75, 105 So. 431.

For the error in giving the general affirmative charge in favor of the state upon the issue raised by appellant's plea of former jeopardy, the judgment is reversed, and the cause remanded. Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

Reversed and remanded.