A jury found defendant (appellant) guilty of burglary in the second degree; the court fixed his punishment at imprisonment in the penitentiary for five years and sentenced him accordingly.
According to the testimony of Alvin T. Bradford, owner of the Bradford Drug Store in Russellville, he went to the drug store on the night of November 1, 1975, unlocked the front door, went in and saw two people inside with ski masks on. He promptly turned around and locked the door; he then heard a noise and went into the alley behind the store; he then saw a person running away. He attempted to obtain assistance from passers-by but did not succeed. He heard another noise and went into the alley again, stepped around the corner and saw another person, whom he took captive and turned over to the police. The captive was positively identified on the trial by the testimony of one of the officers as the appellant. Mr. Bradford further testified that he went back into the alley and observed that the police had captured another individual, one Spencer Burns, who had a ski mask on, rubber gloves and a sack containing drugs from the drug store of the value of between $4,000 and $5,000. Mr. Bradford said that upon investigation of the inside of the store he found a manhole in the roof that had been broken into. The testimony of Mr. Bradford, corroborated in its many details by some of the officers in their testimony, fully established the corpus delicti of the crime charged in the indictment.
Mr. Bradford did not identify defendant as one of the burglars in the store, but the testimony of one of the officers identifying defendant as the person apprehended by Mr. Bradford and delivered to the officers was undisputed. In addition, one of the police officers stated that after arrival of *Page 188 
the prisoners at the jail he, the witness, observed defendant with a ski mask in his hand, not the ski mask found in the possession of Burns. Furthermore, there was testimony that before the officers left with the prisoners from the scene of the crime and while there was some discussion among the officers as to the possibility of there being a third person in the vicinity, defendant, as well as Burns, was heard to say, "There was nobody else with us."
At the conclusion of the State's case, defendant moved to exclude the testimony. The court overruled the motion, and the defense immediately rested. Appellant does not contend that the motion to exclude the evidence should have been granted. No reasonable contention can be made that the evidence was not more than ample to warrant a verdict finding defendant guilty.
A point is made, without any citation of, or reference to, authority, to the effect that the court was in error in admitting in evidence ski masks, the rubber gloves and the bag found in the possession of Burns when Burns was apprehended. As previously indicated, the evidence was sufficient to warrant a finding that there was a burglary and that defendant was a participant in the burglary. The mere fact that the particular items of evidence were found on the other participant does not insulate them from admissibility. They were portions of the circumstances that combined to establish defendant's criminal intent in breaking and entering the store. It is not contended by appellant that they were rendered inadmissible because they were found after the consummation of the alleged burglary, but to such a conceivable contention, the answer is that they were properly admitted in evidence.
 "The State may prove against the accused, the existence after the crime, of a physical fact which tends to show his coconspirator's guilt:
 "Dawkins v. State, 20 Ala. App. 54, 100 So. 619 (stealing hog; that part of the hog meat was found at accused's house and part at coconspirator's, admitted); Lancaster v. State, 21 Ala. App. 140, 106 So. 609, cert. den. 214 Ala. 2, 106 So. 617 (chomicide; the murderers got muddy incommittingthe crime; muddy clothing found in coconspirator's possession, admitted); Jones v. State, 18 Ala. App. 626, 93 So. 332 (distilling; `still slop' on coconspirator's pants soon after theraidadmitted)." McElroy, Law of Evidence in Alabama, § 195.03 (8).
During closing argument for the prosecution, the following occurred:
 "MR. JOLLY: He was guilty and he knew he was. He told them so, on that night.
 "MR. McDOWELL: I object to that and I move to exclude that.
"THE COURT: All right, I sustain.
 "MR. McDOWELL: At this time, I would like to make a motion for a Mis-Trial based on the District Attorney's statement that the defendant told the officers he was guilty.
 "THE COURT: Well, I overrule that Motion, but I'll sustain the objection to the statement that he told he was guilty and Ladies and Gentlemen, disregard that statement."
To what counsel for the prosecution was referring, we are uncertain. We do not understand, however, that he was making a positive statement of fact to the effect that defendant had confessed the crime. More likely, it seems to us, he was drawing the conclusion contained in what he said from the action of defendant soon after the burglary and his statement, "There was nobody else with us." Even so, the trial court probably took the better position in sustaining defendant's objection excluding the statement from the consideration of the jury. The incident did not justify the declaration of a mistrial.
Another incident complained of in the closing argument of the prosecution is shown by the following:
 "MR. JOLLY: Most of the facts in this case are not disputed.
 "MR. McDOWELL: I want, at this time, to make a Motion for a Mis-Trial based *Page 189 
on the District Attorney's Argument as to the disputed facts in this case, which in effect was a comment on the defendant's failure to testify.
"THE COURT: Overruled."
Appellant's contention is answered adversely in Farr v. State,54 Ala. App. 80, 304 So.2d 898, 904, as follows:
 "Title 15, Section 305, Code of Alabama 1940, as last amended does not prohibit a prosecutor from drawing reasonable inferences from the evidence presented in a case, and statements to the effect that the evidence is uncontradicted or undenied are not prohibited by the statute. Swain v. State, 275 Ala. 508, 156 So.2d 368; Sellers v. State, 48 Ala. App. 178, 263 So.2d 156; Whistenant v. State, 50 Ala. App. 182, 278 So.2d 183."
Failing to find any error in the record prejudicial to defendant, we conclude that the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.
CATES, P.J., not sitting. *Page 403