Appellant was convicted of robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. Sentence was fifteen years in the penitentiary. Two issues are presented on appeal.
The first issue concerns appellant's waiver of his right to counsel after initially requesting counsel. After the arrest, Hayes was given his Miranda rights and asked to sign a waiver form. At that point, he indicated that he wanted to call his lawyer.
On voir dire examination, the police officer in charge of the interrogation testified that all questioning stopped when Hayes asked to call his lawyer. The officer further testified that Hayes failed to reach his lawyer and after a few minutes decided to sign the waiver form and make a statement. The officer testified that questioning of Hayes had not resumed once he failed to contact his attorney, rather, Hayes initiated the act of signing the waiver and made a spontaneous statement admitting his involvement in the robbery.
Defense counsel made no offer of proof to rebut the officer's testimony, and, on the basis of that testimony, the trial judge allowed the statement into evidence. The circumstances of this case clearly meet the requirements of Edwards v. Arizona,451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), concerning the waiver of counsel after the accused has previously invoked his right to counsel. The key element of an effective waiver is that the accused initiate any further discussion with the authorities, as was the case here.
Although later in the trial Hayes took the stand and contradicted the officer's version of the facts, the trial judge had already made his ruling. Conflicting testimony at this late stage in the trial went to the weight of the statement and not to its admissibility.
The second issue is whether certain tangible items were properly put before the jury. Particularly, Hayes complains of the admission of a .22 caliber pistol taken from the back pocket of his companion, a black tee-shirt dangling from Hayes's pants, a black strip of cloth hanging from thorns located along the path that police dogs took in tracking the men, and a green plaid shirt found about one hundred yards from the scene of the crime.
Although the victim testified that a gun was used during the robbery and that one of the robbers wore a dark tee-shirt and the other wore a green plaid shirt, she was never asked to identify any of those items before their introduction into evidence. Hayes now claims that a proper predicate was never laid because of the lack of identification of the items by the victim. He asserts that there is nothing connecting the items to the crime; he particularly objects to the introduction of the pistol since it was in the possession of another man. *Page 1325 
Although the general rule is that items must be properly identified and shown to be connected with the crime, this is not an absolute rule. Where there is sufficient evidence to justify a reasonable inference that items were used by the accused in the commission of the crime charged, those items are admissible. 22A C.J.S. Criminal Law § 712 (1961).
In Andrews v. State, 406 So.2d 1041, 1044 (Ala.Cr.App. 1981), this court said:
 "Another ground of defendant's motion for a new trial was to the effect that the victim did not sufficiently identify the pistol aimed at him at the time of the robbery as the pistol taken from the automobile at Enterprise. Such an identification was not necessary in order for the pistol to be admitted as evidence of the fact that the person driving the automobile in Enterprise was the same person that robbed the alleged victim while armed with a pistol."
In Deloach v. State, 356 So.2d 222 (Ala.Cr.App. 1977), a sawed-off shotgun was identified by appellant as the one he was carrying when arrested. It was likewise identified by the arresting officer and appellant confessed that he used the gun in the robbery. The court held, "The rule favoring admissibility of such a weapon is especially applicable where, as in the instant case, the appellant admits possession of the weapon and its use in the crime." 356 So.2d at 230. See alsoBlackburn v. State, 38 Ala. App. 143, 88 So.2d 199 (1954).
The case of McCulloch v. State, 338 So.2d 187 (Ala.Cr.App. 1976), involved the introduction of items found on an accomplice at the time of arrest shortly after a burglary. Although the two defendants could not be identified as the burglars, they were identified as the men arrested near the scene of the crime, and one was in possession of ski masks, gloves, and a bag containing drugs. The court held that, "The mere fact that the particular items of evidence were found on the other participant does not insulate them from admissibility." 338 So.2d at 188.
In Ware v. State, 409 So.2d 886 (Ala.Cr.App. 1981), one of the issues was the admissibility of a telephone found in appellant's truck. There the court said:
 "While it cannot be ascertained with certainty that State exhibit 8 was actually used during the burglary, it can be fairly inferred from the evidence that it was. . . . [W]here the evidence is probative of an element of the corpus delicti and of the defendant's participation in the offense, it is relevant and should be admitted." 409 So.2d at 892. See also McLeod v. State, 383 So.2d 207 (Ala.Cr.App. 1980).
For further comment on the admissibility of items found at or near the scene or in the possession of the appellant at the time of arrest, despite the lack of a witness connecting them with the crime, see White v. State, 249 Ala. 501, 31 So.2d 335
(1947); State v. Nelson, 261 La. 153, 259 So.2d 46 (1972). (For admission, it suffices if the evidence establishes that it is more probable than not that the object is connected with the case.)
In the case sub judice, the victim testified that she was robbed at gun point by two men, one wearing a dark tee-shirt and the other a green plaid shirt. Dogs were immediately put on the trail of the two men, resulting in the capture of Hayes and a companion about two or three hours later. One was carrying a pistol; the other was carrying a dark tee-shirt, which had a torn sleeve. There was also found a torn piece of dark cloth and a green plaid shirt. Additionally, after the arrest, Hayes admitted his involvement in the robbery. The overwhelming inference is that these were the same items mentioned by the victim, making them highly relevant despite her lack of actual identification. Where the circumstances strongly connect the items with the defendant and the crime, there is a confession, and there is no problem of remoteness either in the place or the time of finding the items, lack of an eyewitness identification goes only to the weight and not to the admissibility of the evidence. *Page 1326 
The judgment of the lower court is due to be affirmed.
AFFIRMED.
All the Judges concur.