The appellant, Joe Ronald Earhart, was convicted of possession of a controlled substance and attempted assault in the second degree. He was sentenced to concurrent terms in the penitentiary of eight years for *Page 120 
possession of a controlled substance and one year for attempted assault. A statement of the facts is unnecessary because the appellant's only contention on appeal is that the trial court erred in its instructions to the jury.
The appellant maintains that the trial court's oral instructions to the jury allowed a finding of guilt based upon a standard of proof lower than that required by the Fourteenth Amendment and in violation of Cage v. Louisiana, 498 U.S. ___,111 S.Ct. 328, 112 L.Ed.2d 339 (1990). He contends that the court's use of the term "actual and substantial doubt" when explaining the concept of reasonable doubt, "infer[red] a higher degree of doubt than is required for acquittal under the reasonable doubt standard." The trial court charged the jury in pertinent part as follows:
 "The phrase, reasonable doubt, is self explanatory. Efforts to define it do not always clarify the term. But it may help you some to say that the doubt which would justify an acquittal must be an actual and substantial doubt. It must not be a mere guess or a surmise and it must not be a forced or capricious doubt. If, after considering all of the evidence in the case, you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt and in that case it would be your duty to convict the defendant. The reasonable doubt which entitles an accused to an acquittal is not a mere fanciful, vague, conjectural or speculative doubt, but a reasonably substantial doubt arising from all or any part of the evidence or, for that matter, from a lack of evidence. And it must remain after a careful consideration of the testimony, such as reasonable, fair-minded and conscientious men and women, would entertain under all the circumstances."
The jury charge in Cage, which the Supreme Court found to be offensive, is readily distinguishable from the charge given in the instant case. In Cage, the trial court coupled the term "substantial doubt" with the term "grave uncertainty," thereby raising the degree of doubt necessary for a jury to return a verdict of not guilty. In fact, it appears that the term "grave uncertainty" is the key phrase which the Supreme Court found offensive. To underscore this point, the Supreme Court, in a recent memorandum decision denying certiorari, stated as follows:
 "In Cage, the jury was instructed that a reasonable doubt 'must be a doubt as would give rise to a grave uncertainty. . . .' Because the instructions to the jury in this case did not contain this improper language, the question whether Cage
announced a new rule is not actually presented here."
Gaskins v. McKeller, ___ U.S. ___, 111 S.Ct. 2277,114 L.Ed.2d 728 (1991) (citation omitted).
In the present case, there was no mention of the term, "grave uncertainty" in the court's charge to the jury. This court has previously held that the mere use of some of the terminology which happened to also appear in Cage does not necessarily constitute reversible error. See Williams v. State, [Ms. 89-191, June 14, 1991], 1991 WL 119358 (Ala.Cr.App. 1991);Adams v. State, 587 So.2d 1265 (Ala.Cr.App. 1991). The court's use of the term "actual and substantial doubt," especially when considered in light of the entire charge given to the jury, was a valid definitional tool employed to aid the jury in its understanding of the reasonable doubt standard. Therefore, we find that the trial court's charge to the jury does not run afoul of the United States Constitution or of the Supreme Court's decision in Cage.
For the reasons stated above, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 121