PATTERSON, Presiding Judge.
The appellant was convicted after a jury trial of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975, and was sentenced as a habitual offender to 99 years’ imprisonment. At trial, the state’s evidence tended to show that the appellant robbed the victim at knife-point; that the victim shot the appellant as he fled; and that the appellant was found bleeding a short distance from the scene of the crime.
As one of his four issues, the appellant argues that the trial court’s oral charge regarding reasonable doubt violated the principle of Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). During the charge conference, the following occurred:
“MR. JOHNSON [defense counsel]: We ask you in charging the jury not to use the word ‘substantial.’
“THE COURT: I think I am entitled to follow Alabama law that it is a real bona fide good faith substantial reason.
“MR. JOHNSON: We would object if you do use ‘substantial.’
“THE COURT: I will say bona fide good faith sho’ ‘nuf.
“MR. JOHNSON: Ask that you leave out sho’ ‘nuf.
“THE COURT: All right. On this, I think that may be right. I don’t know that you are reading the case correctly, but I will do that so you have one more proposition of law.
“MR. JOHNSON: Otherwise, Judge, we are satisfied.
“MR. BELSER [the prosecutor]: Your usual charge you give and what he discussed, we will be satisfied.
“THE COURT: All right, let’s get the jury back.”
The relevant portions of the court’s oral charge read as follows:
“Now, that term, or that phrase ‘beyond a reasonable doubt,’ those words address themselves to your good common sense. And your good common sense definition of ‘reasonable doubt,’ ‘beyond a reasonable doubt,’ is just as good, if not better, than these legal definitions that us judges and lawyers talk about; but logically and reasonably ‘beyond a reasonable doubt’ means beyond a doubt for which there is a reason. Do you have a reason, a real reason from what you’ve heard from that stand, all of what you heard, part of what you heard, or lack of what you heard, do you have a real good faith reason to cause you to doubt that he is guilty, a sure enough reason to cause to doubt that he is guilty? If you do, then he is entitled to an acquittal. If you do not, then the State is entitled to a conviction.
[[Image here]]
“Ask yourself the question, ‘Is he guilty?’ If the answer that freely and naturally comes back to you is, T doubt that he is’ — robbery one, robbery three, theft one, theft three — and if that reason that you have to doubt it is based on the facts, do you have a reason, a real reason to cause you to doubt that he is guilty. Do you? If you do, he’s entitled to an acquittal. If you do not, if you ask yourself that same question, ‘Is he guilty?’ and if the answer that freely and naturally flows back to you is, T can’t find a real reason, I can’t find a good faith reason to cause me to doubt,’ then that’s the kind of case that entitles the State to a conviction.
“The law says the State does not have to prove guilt to you to a mathematical certainty. The law says the State does not have to prove guilt to you beyond all doubt; but beyond a doubt for which there is this real, bona fide, good faith reason from what you heard from the stand; not a doubt that you have to reach for, or grope for, or surmise or conjectural sort of thing, but one that *316 naturally and reasonably came from that witness stand.”
(Emphasis added.)
Regarding the Supreme Court’s decision in Cage, this court has held as follows:
“In Cage, the Court found that the use of the words ‘grave’ and ‘substantial’ in the expressions ‘grave uncertainty’ and ‘actual substantial doubt’ suggested a higher degree of doubt than is required for acquittal under the reasonable doubt standard. The Court further found that the use of such expressions in conjunction with ‘moral certainty ' could lead a reasonable juror to interpret the instruction to allow a finding of guilt based on proof below that required by the Due Process Clause. Obviously, it was not the use of any one of these terms, but rather a combination of all three, that rendered the charge unconstitutional in Cage. See Gaskins v. McKellar, — U.S. -, 111 S.Ct. 2277, 2277 [114 L.Ed.2d 728] (1991) (where, in a memorandum opinion, Justice Stevens stated that he thought the Court correctly decided not to grant certiorari on the question of whether Cage announced a new rule because the jury instructions to be reviewed did not contain the specific language condemned in Cage, that a reasonable doubt ‘must be a doubt as would give rise to a grave uncertainty’).”
McGee v. State, 594 So.2d 219, 223 (Ala.Cr.App.1991). See also Earhart v. State, 593 So.2d 119 (Ala.Cr.App.1991); Adams v. State, 587 So.2d 1265 (Ala.Cr.App.1991).
The Oxford English Dictionary, Vol. XVII, p. 283 (2d ed.1989), defines “sure enough,” when used as an adjective, as “genuine” or “real.” See also Barron’s Dictionary of American Idioms 341 (2d ed.1987) (defining the term as “real; genuine”). The Random House Dictionary of the English Language 1914 (2d ed.1987), defines “sure enough,” in its informal usage, as “as might have been supposed; actually; certainly,” and defines it, in its older usage as an adjective, as “real; genuine.” A Dictionary of Americanisms on Historical Principles, Vol. II, p. 1682 (1951), defines the term as “actual or genuine.”
In reviewing the use of the term “sure enough” to describe the reason necessary to cause doubt about the appellant’s innocence, we must determine whether “a reasonable juror could have interpreted the instruction to allow a finding of guilt based on proof below that required by the Due Process Clause,” Cage, — U.S. at -, 111 S.Ct. at 330. As noted above, "sure enough” means “genuine,” “real,” or “actual.” Here we find that a reasonable juror could have interpreted its usage in the instant context only to mean a “genuine” or a “real” or an “actual” reason to doubt the appellant’s innocence. None of these terms were discussed in Cage. Rather, the Cage Court condemned the use of the combination of the terms “moral certainty,” “grave” in “grave uncertainty,” and “substantial” in “actual substantial doubt.” See also Ex parte Adkins, 600 So.2d 1067 (Ala.1992). Here, the trial court did not use any term synonymous with any one of the three terms discussed in Cage. (“Sure enough” can arguably be equated with “actual doubt,” but it was “actual substantial doubt” that concerned the Cage Court.) Moreover, the trial court did not use the term “sure enough” with any other questionable term. Thus, we conclude that the use of “sure enough,” not being synonymous with any term condemned by the Cage Court and, moreover, not being used in combination with any other questionable term, does not suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard.
We also find the appellant’s remaining three issues to be without merit. The appellant’s argument that the trial court erroneously admitted “all of the photographs” into evidence is procedurally barred as to some of the photographs because the appellant failed to object to the admission of some of the photographs, and those photographs to which the appellant did object were properly admitted. See Magwood v. State, 494 So.2d 124, 141 (Ala.Cr.App.1985), aff'd, 494 So.2d 154 (Ala.), cert. denied, 479 U.S. 995, 107 S.Ct. 599, 93 *317 L.Ed.2d 599 (1986). The issue of whether the trial court erred by introducing the knife into evidence is without merit, because the following evidence raised a reasonable inference that it had been used in the commission of the robbery: identification of the knife as the weapon used by the victim and by an investigating police officer and the fact that the knife was recovered 10 feet from the appellant when he was captured. See Hayes v. State, 443 So.2d 1323 (Ala.Cr.App.1983). The issue of whether the trial court erroneously denied the appellant’s motion for new trial without a hearing is without merit because the motion failed to allege sufficient facts or error that would have put the trial court on notice that a hearing was warranted. Cf. Ex parte Clisby, 501 So.2d 483, 487 (Ala.1986).
Based on the foregoing, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
BOWEN, TAYLOR and McMILLAN, JJ., concur.
MONTIEL, J., recuses himself.