## BLACKSTONE v. STATE. (6 Div. 273.)*

(Court of Appeals of Alabama. Jan. 22, 1924.
Rehearing Denied Feb. 19, 1924.)

**1. Criminal law ☞373—Evidence of possession of still on dates other than charged admissible.**

The crime of possessing a still being continuing in nature, evidence of possession and operation of the same still on different days is relevant as corroborating evidence of possession and operation on the date relied on by the state.

**2. Criminal law ☞696(5)—Objection after answer too late, and warrants overruling motion to exclude.**

Where objections to questions are not made until after the witness has answered, they are too late, and, no proper objection having been made, a motion to exclude is properly overruled.

**3. Criminal law ☞369(6)—Evidence of possession of whisky held admissible, in prosecution for manufacture.**

In a prosecution for manufacturing whisky on a particular date, it was competent for the state to show that on the evening of the date alleged after a still belonging to defendant had been destroyed, he had in his possession whisky which he said he got at the still place.

**4. Criminal law ☞789(5)—Instruction to acquit if any juror doubts defendant's guilt properly denied.**

An instruction "if there is any doubt in the mind of any juror as to the guilt of the defendant you should not convict," held properly denied, as omitting the question of the reasonableness of the doubt.

**5. Criminal law ☞829(1)—Denial of instruction covered by another given not error.**

Denial of instruction covered by another given is not error.

**6. Costs ☞322—Sentence to additional time in payment of costs held erroneous.**

A judgment sentencing defendant to an indeterminate period and "such additional time as is necessary to pay the costs in this behalf expended" held erroneous as to such additional time.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Ed Blackstone was convicted of violating the prohibition law, and appeals. Corrected and affirmed.

Charge 6, refused to defendant, is as follows:

"If there is any doubt in the mind of any juror as to the guilt of the defendant, you should not convict the defendant."

The judgment entry reads in part as follows:

"It is therefore the order and judgment of the court and sentence of the law that the defendant be imprisoned in the penitentiary at hard labor for an indeterminate period of from 12 months to 13 months, and such additional time as is necessary to pay the costs in this behalf expended."

W. F. Finch, of Jasper, for appellant.

Where the state elects to prosecute for a specific offense, it is error to admit proof of a similar offense at a different time. McClure v. State,. 148 Ala. 625, 42 South. 813; Wickhard v. State, 109 Ala. 45, 19 South. 491. Where a person is being tried for having a still in his possession and for manufacturing prohibited liquors, and there is not evidence sufficient to convince the jury of either offense, the court should give the general affirmative charge for the defendant. Ballentine v. State, ante, p 261, 96 South. 732; Moon v. State, ante, p. 176, 95 South. 830; Seigler v. State, ante, p. 135, 95 South, 563; Knight v. State, ante, p. 296, 97 South. 163; Hanson v. State, ante, p. 249, 96 South. 655; Guin v. State, ante, p. 67, 94 South. 788. Where a person is convicted for an offense and sentenced, he should be sentenced for a definite number of days at the legal rate per day to pay the cost of the prosecution, and a judgment which does not recite the amount of the cost, the number of days, and the rate per day is defective, requiring a reversal of the cause. Code 1907, § 7635; Wright v. State, 9 Ala. App. 79, 64 South. 173.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1, 2] Defendant was indicted under two counts—the first charged a manufacturing of whisky, and the second the unlawful possession of a still. The conviction was under the first count. There was testimony tending to prove that defendant was in possession of and operating the same still at the same place on November 16th or 17th and on December 1st. The state, on motion of defendant, elected to prosecute for the date fixed by the witnesses as December 1st. All of the testimony related to the possession of the same still by the same parties and at the same location. The crime of possessing a still is continuing in its nature, and, while only one conviction may be had for the same possession, evidence of the defendant's possession of the same still on different days, is relevant as corroborating evidence, and evidence of the possession and operating of the same still at the same place on November 16th or 17th would be relevant to corroborate evidence of possession and operation on December 1st thereafter. Moreover, in this case no objection was interposed to the questions until the witness had answered. The objection came too late, and, no proper objection having been interposed to

the question, the motion to exclude was properly overruled.

[3] It was also competent for the state to show that on the night of December 1st, shortly after the still had been destroyed, the defendant had in his possession something like one-half gallon of whisky, which defendant said he got down at the still place, as tending to show that defendant was engaged in the manufacture of whisky.

Charges 1, 2, and 3 requested by the defendant call for an acquittal on the evidence and were properly refused; there being sufficient evidence, which, if believed beyond a reasonable doubt, was sufficient to convict.

[4] Charge No. 6, omits the reasonableness of the doubt. It is not any doubt that justifies an acquittal. The doubt must be reasonable.

[5] Charge 4 is covered by and substantially same as given charge 5.

[6] That part of the judgment which sentences the defendant to "such additional time as is necessary to pay the costs in this behalf expended," is erroneous. That part of the judgment is here annulled, and as corrected the judgment is affirmed.

Affirmed.