(102 So. 914)

## WELCH v. STATE.    (4 Div. 1.)

(Court of Appeals of Alabama. Feb. 3, 1925.)

**1. Criminal law ⬌829(1)—Refusal of charges substantially covered by court's oral charge not error.**

Refusal of charges fairly and substantially covered by court's oral charge is not error.

**2. Criminal law ⚖══747 — Conflicting evidence presents jury question.**

Conflicting evidence presents question for jury.

**3. Intoxicating liquors ⚖══236(19)—Conviction of possessing still held sustained by evidence.**

Evidence *held* sufficient to sustain conviction of possessing still.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Shelby Welch was convicted of possessing a still, and he appeals. Affirmed.

Ballard & Brassell, of Troy, for appellant.

It is error to admit confessions without laying proper predicate therefor. 18 C. J. 733; Crawford v. State, 112 Ala. 1, 21 So. 214; McAlpine v. State, 117 Ala. 93, 23 So. 130; Crain v. State, 166 Ala. 1, 52 So. 31; Howard v. State, 19 Ala. App. 373, 97 So. 377.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Proper predicate being laid, testimony as to confessions was correctly received. Fincher v. State, 211 Ala. 388, 100 So. 657; Scott v. State, 211 Ala. 270, 100 So. 211. The affirmative charges were properly refused. Goodman v. State, 19 Ala. App. 556, 99 So. 61. There is no error in refusing charges covered by the oral charge. Edwards v. State, 205 Ala. 160, 87 So. 179.

BRICKEN, P. J. [1] Charge 4 as it appears in this record is elliptical, or a misprision, and was properly refused. Moreover, said charge is not predicated upon the evidence (Edwards v. State, 205 Ala. 160, 87 So. 179), and, further, the court in its oral charge fairly and substantially covered the propositions of law contained in this charge.

Refused charge 3 was fully covered by the oral charge; therefore the court was under no duty to give this charge.

Charges 1 and 2, refused to defendant, sought to have the court direct a verdict for the defendant. Under the apparently overwhelming evidence in this case the defendant was not entitled to the affirmative charge; hence the refusal of these charges was without error.

The remaining insistencies of error are predicated upon the rulings of the court on the admission of evidence. These rulings have had our attentive consideration, and we discover no error in this connection to injuriously affect the substantial rights of the defendant. The rulings of the court upon the admission in evidence of the confessions of the defendant were in accord with the well-settled rules of evidence often announced by this court. The predicates laid for the admission of the confessions were full and complete, and met every requirement as laid down in Carr v. State, 17 Ala. App. 539, 85 So. 852.

Other rulings upon the admission of evidence complained of related to matters pertaining to the res gestæ; therefore the exceptions reserved thereto were without merit. Moreover, nothing appears in the testimony thus allowed which could injuriously affect the substantial rights of defendant.

[2, 3] The evidence was in conflict; thereby presenting a question for the determination of the jury. The several state's witnesses testified without hesitation or uncertainty to having actually caught this defendant in the possession of a still, etc., and this, coupled with his voluntary statement that the still belonged to him, tended to make out the case against him as charged in the third count of the indictment, the count upon which he was convicted. This evidence was ample to support the verdict of the jury and to sustain the judgment of conviction rendered.

As no error appears in any ruling of the court, and the record also being without error, it follows that the judgment appealed from must be and it is affirmed.

Affirmed.