(106 So. 205)

## STEWART v. STATE. (4 Div. 141.)

(Court of Appeals of Alabama. Nov. 17, 1925.)

**1. Criminal law ⊚═753(2)—Refusal to give accused's requested affirmative charge held proper.**

Where evidence in prosecution for violation of prohibition laws was sufficient to create prima facie case of guilt, refusal to give accused's requested affirmative charge *held* proper.

**2. Intoxicating liquors ⊚═174—Possession of still is continuous offense.**

Possession of still is continuous offense.

**3. Criminal law ⊚═373—Testimony of possession of still, prior to offense charged, was admissible in corroboration of evidence tending to show possession at time charged.**

Testimony of possession of still, prior to time on which prosecution was laid, was admissible in corroboration of evidence tending to show possession at time charged.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Bob Stewart was convicted of violating the prohibition laws, and he appeals. Affirmed.

T. S. Frazer, of Union Springs, for appellant.

Briefs of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Thomas E. Knight, Jr., Asst. Atty. Gen., for the State.

Proof of prior possession of the still was relevant. Vaughan v. State, 18 Ala. App. 57, 88 So. 374; Blackstone v. State, 19 Ala. App. 582, 99 So. 323; Webb v. State, 19 Ala. App. 359, 97 So. 246.

RICE, J. The appellant was convicted of the offense of having in his possession a still, etc., to be used for the purpose of manufacturing prohibited liquors, etc., and appeals.

[1] The case is just one of scores, of the same general nature, coming to this court. There is nothing new or novel involved. The evidence was sufficient to create a prima facie case of guilt on the part of the de-

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendant, and there was no error in refusing to give, at appellant's request, the general affirmative charge in his favor.

[2, 3] There is no merit in the exceptions reserved to the various rulings of the trial court in admitting testimony tending to show the possession by the defendant of the still apparatus in question at a period of time prior to that upon which the prosecution was laid. The possession of a still, etc., as charged, is a continuous offense, and, while there may be only one conviction for the said offense, yet testimony of the kind objected to is admissible in corroboration of that tending to show the possession at the time charged. Blackstone v. State, 19 Ala. App. 582, 99 So. 323; Webb v. State, 19 Ala. App. 359, 97 So. 246.

We have carefully examined each of the other exceptions reserved, and find no merit in any of them. Only elementary principles of law were involved in the rulings giving rise to same.

There being no prejudicial error in the record, the judgment is affirmed.

Affirmed.