(120 So. 465)
## WILKERSON v. STATE.  (1 Div. 822.)

Court of Appeals of Alabama.  Feb. 26, 1929.

Seal Finklestein, of Montgomery, for appellant.

W. C. Taylor, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

BRICKEN, P. J. Upon the trial of this case in the court below, the evidence consisted of that offered by the state only; there was no evidence offered by defendant.

The defendant was convicted under a general verdict upon an indictment with two counts; the first count charged the accused with the offense of distilling, etc., prohibited liquors; and, the second count, with the unlawful possession of a still to be used for that purpose.

The numerous exceptions to the court's rulings upon the admission of evidence are each without merit. The offense charged in the second count being continuous in its nature, it was proper to allow evidence tending to show defendant's ownership and possession on the several occasions referred to in the evidence prior to the actual date of his arrest at the still. The remaining exceptions relate to the court's rulings in allowing evidence tending to show what contraband articles the officers found at or near the still place on their visit thereto a day or two prior to the time of defendant's arrest at the still. This line of inquiry was permissible as being descriptive of the locus in quo, as well as for the purpose of establishing the corpus delicti.

The evidence adduced tended to show, without conflict, that the defendant was not only interested in the possession and ownership of the still in question, but that he also operated same as charged in the first count.

We think his conviction, under this evidence, was proper. Under said evidence, if believed by the jury beyond a reasonable doubt, they (the jury) could have returned no other verdict than that of guilt without doing violence to their integrity and to their oaths as jurors.

The trial proceeded throughout without prejudicial error. Many of the exceptions reserved appear frivolous, and need no discussion.

Affirmed.