26 So.2d 627

### DICKERSON v. STATE.

2 Div. 741.

Court of Appeals of Alabama.

June 4, 1946.

Rehearing Denied June 18, 1946.

Judson C. Locke, of Marion, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., and Jos. H. James, of Greensboro, for the State.

BRICKEN, Presiding Judge.

At the September, 1944, session of the grand jury of Bibb County an indictment was found against this appellant and returned in open court and duly filed. Said indictment contained two counts in stereotype and proper form, charged him with the offense of distilling, etc., in the first count, and with unlawfully having in his possession, etc., a still to be used for the purpose of manufacturing or distilling prohibited liquors or beverages, etc.

The trial of the case in the court below resulted in the conviction of the defendant under the first count of the indictment. Said verdict resulting in the acquittal of the offenses charged in the second count.

Judgment of conviction was pronounced and entered, the pertinent portion thereof, so far as this case is concerned, reads as follows: "It is therefore considered by the court, and it is the judgment of the court and adjudged by the court, that the said defendant is guilty of distilling as charged in the indictment."

The adjudication that "the defendant is guilty of distilling," is not borne out or sustained by any evidence in this case. The defendant, as stated, was acquitted of the charge being in possession of a still or apparatus or appliance or device or substitute therefor to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. He was properly thus ac-quitted for there was no evidence even tending to show otherwise, and no such insistence was made during the trial of this case. Nor was there any contention or insistence during the trial of this case in the court below that the defendant distilled anything. No such insistence is presented upon appeal in this court, by briefs of counsel or otherwise.

The judgment of the court speaks for itself, and it clearly appears said judgment is contrary to any evidence in the case. It appearing that there was no evidence upon the trial upon which said judgment could be based, it follows that the judgment of conviction from which this appeal was taken must be reversed and held for naught. In other words the conviction and sentence of the defendant (appellant) was erroneous, and without the authority of law. It was wrong and unjust. In our opinion the ends of justice demand and require the reversal of the judgment from which this appeal was taken, and that an order be here entered discharging appellant from further custody in this proceeding. Robison v. State, 30 Ala.App. 12, 200 So. 626, 627, on rehearing. Code 1923, Sections 3258, 3259, Code 1940, Tit. 15, §§ 389, 390. It is so ordered.

There were other rulings of the court infected with error, but from what has been said there is no. necessity to extend this opinion by a detailed discussion thereof.

Reversed and rendered.