38 So.2d 24

### REEVES v. STATE.
### 7 Div. 948.

Court of Appeals of Alabama.

Dec. 14, 1948.

Ross Blackmon, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant's jury trial resulted in a verdict of guilty of the offense of illicit distilling.

One Hoyt Waldrop had also been indicted for the same transaction, and under the evidence presented by the State was an accomplice of this appellant.

Waldrop testified that he and appellant were operating the still in question at the time it was raided by the officers, and that appellant had furnished the sugar and had assisted in making the mash before it was placed in the still.

Several officers who participated in the raid also testified for the State. The tendency of their testimony was that at the time of the raid on the still it was in full operation, and appellant was in a ditch and near a tub into which was running the whiskey from the still.

Appellant ran when the officers' presence became known, but was captured by one of them after he had fallen over a log.

Mrs. Hoyt Waldrop testified that this appellant had furnished sugar for the operation of the still and had come out to their home and shown Waldrop how to cook meal for the mash. Waldrop's mother, Mrs. Nettie Ledbetter, testified that appellant had come to her son's home on Mother's Day; she saw sugar in her son's truck that day, and the next day when she went to use her wash pot it had meal stuck on the side of it.

The defense introduced several witnesses whose testimony was to the effect that appellant was a member of a group who had gone to Waldrop's place to go fishing. They left the creek on which they had been fishing around nine o'clock at night to return to their car which was parked at Waldrop's home. On the way they were met by Waldrop who told appellant he was "making a little run" and all of the party except one went to see the still in operation. It was during this period of observation that the still was raided by the officers.

Appellant strenuously denied that he was in any way connected with the operation of this still, or had knowledge of it until he went there in response to Waldrop's invitation to see it in operation. He further contended that his activity at the still was limited merely to looking at it.

If Waldrop's testimony be believed by the jury under the required rule, the offense with which this appellant was charged was clearly established. Waldrop being an accomplice, his testimony must be corroborated as required by Section 307, Title 15, Code of Alabama 1940. In this connection the State introduced evidence independent of Waldrop's tending to show that this appellant was present at the still at the time it was in full operation; that he fled when the officers' presence became known; that he had assisted Waldrop in preparing or cooking meal which Waldrop testified was used in preparing the mash with which the still was charged at the time of this operation.

We think it sufficiently clear without citation of authority that the above facts abundantly corroborated the testimony of the accomplice Waldrop.

The lower court was fully justified in determining as a matter of law that the above evidence tended to corroborate the testimony of the accomplice Waldrop, and the jury was likewise fully justified in concluding that such evidence was sufficient, and that in connection with all the evidence established appellant's guilt to their reasonable satisfaction. See innumerable cases annotated under Section 307, Title 15, Code of Alabama 1940.

The ruling of the court on matters of evidence was invoked comparatively few times during the trial in the court below. The court's ruling in each instance was patently correct and based on basic principles of evidence. In the interest of brevity we therefore refrain from writing to these rulings.

Three of the charges requested in writing by the appellant were refused. Of these charges 1 and 2 are affirmative in nature and properly refused under the developed evidence. Charge 4 was adequately covered by the oral charge of the court.

In his brief appellant's attorney argues strenuously that this cause should be reversed because of prejudice against accused engendered from the action of the Solicitor in eliciting from certain witnesses on cross examination testimony to the effect that one of appellant's companions on the fishing trip, a married man, was accompanied by a woman not his wife. No objections were interposed to this line of testimony in the trial below. Had objections been interposed and overruled, wide latitude is permitted in cross examinations, and to the trial court's discretion as to the limits of such examination. Certainly in the absence of objections we will not attach error to the matter now complained of.

In our opinion this record is free of error materially affecting the substantial rights of this accused, and this cause is due to be affirmed. It is so ordered.

Affirmed.