56 So.2d 790

**USREY v. STATE.**

**7 Div. 160.**

Court of Appeals of Alabama.

Feb. 5, 1952.

Ellis & Fowler, Columbiana, for appellant.

Si Garrett, Atty. Gen., M. Roland Nachman, Jr., Asst. Atty. Gen., and Wm. H. Sanders, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

This is the second appeal of this cause. See 35 Ala.App. 434, 48 So.2d 443.

After remandment the accused was convicted on the second count of the indictment.

The salient and pertinent facts are fairly and accurately set out in brief of the assistant attorney general:

"The evidence presented by the State tended to show the following facts: The still in question was located in a wooded area near Fayetteville, in Talladega County, Alabama. On the day when the site was raided by a party of law enforcement officers there were found there a complete apparatus for distilling whiskey, a quantity of liquor, barrels of mash, some empty sugar sacks, etc. There were five men present at the still at the time of the raid; defendant was not one of them. However, four of these men testified that they had been employed by defendant and that they operated the still and manufactured whiskey under the direction and supervision of defendant. Two of them testified that defendant had driven them to a point on the highway near the still early that morning. Three of the men testified that a truck loaded with sugar came to the site of the still later that morning. Two of these witnesses testified that the truck was driven by the defendant and that they unloaded the sugar and disposed of it at his direction.

"To corroborate the testimony of these accomplices, there was testimony to the effect that tire tracks to the still site were of a peculiar and distinguishable nature. These tracks had been made by a truck with dual rear wheels; three of the individual tracks made by these wheels were smooth, but the fourth bore the peculiar and distinguishing mark of a mud grip tire. These four tracks corresponded with the tires found on appellant's truck when it was examined by the officers later; that is to say, three of the tires on this truck had the treads worn smooth but the fourth tire had the mud grip tread plainly visible.

"Defendant denied any connection with or participation in the illicit liquor-making. With respect to the accusation that he de-livered a truckload of sugar at the still site in the morning, he offered an alibi. His story was that he and his brother-in-law had gone to Sylacauga that morning where he visited a dentist and had a tooth pulled. Upon his return home he went to bed and remained there until late in the afternoon. During all this time, he claimed, his truck (the one allegedly used to deliver the sugar) had a dead battery and was parked in a garage in Fayetteville."

One question of critical concern is whether or not the testimony of the accomplices was sufficiently corroborated.

It is apparent that this review must be related to that aspect of the evidence which tended to show that appellant drove his truck, loaded with sugar, to the still place the morning prior to the raid that afternoon.

According to the testimony of one of the accomplices the appellant brought between fifteen and eighteen hundred pounds of sugar on the truck.

Sec. 307, Title 15, Code 1940 provides: "A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

In the case of Smith v. State, 230 Ala. 413, 161 So. 538, 542, Justice Brown, writing for the Supreme Court, declared the general, applicable rule: "It is not necessary that the corroborating evidence refer to any particular statement or fact testified to by the accomplice. If it strengthens the probative criminating force of his testimony and tends to connect the defendant with the commission of the offense, it is sufficient to warrant the submission of the issue of guilt or innocence to the jury."

The construction which our decisions place upon Title 15, Sec. 307, supra, is that corroboration means to strengthen, not necessarily the proof of any specific fact about which the accomplice has testi-

fied. Bradley v. State, 19 Ala.App. 578, 99 So. 321.

In the case of De Graaf v. State, 34 Ala. App. 137, 37 So.2d 130, we held that the evidence tending to show appellant's proximity to the alleged offense was sufficient corroboration of the accomplice's testimony to meet the requirements of the statute.

■ We are clear to the conclusion that the corroborating evidence in the instant case is also sufficient. Arrington v. State, 24 Ala.App. 233, 133 So. 592; Reeves v. State, 34 Ala.App. 186, 38 So.2d 24.

Over the objections of appellant's counsel the solicitor was allowed to have one of the accomplices state that he worked at the still on the day prior to the raid.

■ The authorities are committed to the view that the offense of possessing a still at the same place and by the same parties is continuing in nature. Of course, only one conviction may be had for the same possession. Dodd v. State, 24 Ala. App. 36, 129 So. 712; Blackstone v. State, 19 Ala.App. 582, 99 So. 323; Vaughan v. State, 18 Ala.App. 57, 88 So. 374; Stewart v. State, 21 Ala.App. 173, 106 So. 205; Wilkerson v. State, 23 Ala.App. 53, 120 So. 465.

■ We see no logical reason for a change in the doctrine when the inquiry relates to the activity of an accomplice who is not then on trial. The witness testified that he was employed by the appellant to work at the still the day before.

According to the State's evidence the accomplice, Robert Earl Brewer, made a statement to the officers soon after the still was raided in which he declared that he was employed by the appellant to work at the still and assist with the operations.

Subsequently proceedings were instituted to condemn appellant's truck. As a witness at this trial, Brewer denied that he made the statement to the officers and further testified that he had no connection with the still or the manufacture of the whiskey.

When testifying for the State at the trial of the case at bar, Brewer was questioned on cross examination with reference to these conflicting statements. He admitted that he testified at the condemnation proceedings as we have indicated.

Counsel for appellant offered in evidence the transcript of Brewer's testimony taken at the condemnation hearing. The court sustained the solicitor's objection to this tender.

■ The only place the testimony had in the proceedings was for impeachment purposes. The witness had previously admitted that he made the statements.

■ It is, of course, permissible and proper to attempt to attack the credibility of a witness by showing that at a prior time and place he made a statement which was at variance with or contradictory to the testimony he gave at the instant trial. However, before this privilege is extended, the witness must first deny that he made the prior statement. Otherwise no occasion for impeachment arises. Hall v. State, 19 Ala.App. 229, 96 So. 644; Raines v. State, 147 Ala. 691, 40 So. 932; Weaver v. State, 33 Ala.App. 207, 31 So.2d 593.

It may be noted that it has been held that if the witness declares that he does not remember making the prior statement this is deemed equivalent to a denial for impeachment purposes. Green v. State, 233 Ala. 349, 171 So. 643; Bigham v. State, 203 Ala. 162, 82 So. 192.

The written instructions refused to defendant were affirmative charges in effect and were properly refused.

We have responded to each question which deserves our discussion.

The judgment below is ordered affirmed.

Affirmed.