77 So.2d 499

**Richard LATHAM**

v.

**STATE.**

**2 Div. 879.**

Court of Appeals of Alabama.

Nov. 23, 1954.

Rehearing Denied Dec. 14, 1954.

Judson C. Locke, Marion, for appellant.

Si Garrett, Atty. Gen., for the State.

CARR, Presiding Judge.

The first count of the indictment charges the offense of manufacturing whiskey. The second count charges the possession of an illegal still. The verdict of the jury responded to the second count. This had the effect of acquitting the accused of manufacturing whiskey. Dickerson v.

State, 32 Ala.App. 432, 26 So.2d 627; Whitt v. State, 27 Ala.App. 526, 175 So. 333.

Without dispute in the evidence the raiding officers found two complete whiskey distilling outfits and a large quantity of "moonshine whiskey" all at the same general location or locale.

As the officers approached, a man ran away from the place, but his identity could not be determined. They found a woman there. The State relied to a great extent on the testimony of the woman in making out its case against the appellant. She testified that she had been at the place with the defendant continuously for three weeks. During this time the latter had operated the two stills and the whiskey found by the officers was some of the manufactured product.

Soon after the raid two of the officers left the place in an automobile and when they had journeyed about two and one-half miles they observed the defendant as he was walking through the woods. He was arrested and later admitted to an officer that the two stills were his property.

At the trial below he testified that he knew nothing about the stills and had not operated them. He denied that he admitted ownership of the outfits.

The two stills were located at the same place and closely connected. Under these circumstances the effect of the proof of the presence and description of each one was not to charge the defendant with two separate offenses.

■■ The woman found at the still testified that prior to the raid the defendant manufactured whiskey in the two stills and that sugar was brought to the place and used in preparing the beer for distilling purposes. This evidence was admissible. The offense of possessing a still at the same location and by the same party or parties is continuing in evidential character. However, only one conviction may be had for the possession. Blackstone v. State, 19 Ala. App. 582, 99 So. 323; · Usrey v. State, 36 Ala.App. 394, 56 So.2d 790.

■ Objections were interposed to several questions directed to the raiding officers relating to what they found at the still place and a description thereof. All of this was pertinent to prove the corpus delicti. Its admissibility did not necessarily depend on the presence of the appellant.

It may be noted that in some instances no exceptions were reserved to the rulings of the court. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Bennett v. State, 248 Ala. 664, 29 So.2d 217. In others objections came after the witness had answered the question. Corbitt v. State, 35 Ala.App. 572, 50 So.2d 454; Kelley v. State, supra.

■ The woman indicated above was indicted for the offense of manufacturing whiskey and possessing an illicit still. This alone did not make her an accomplice. Dukes v. State, 33 Ala.App. 474, 34 So.2d 707; Welch v. State, 35 Ala.App. 643, 51 So.2d 905.

■ She did not admit that she was in any manner connected with the unlawful enterprise. In fact, the effect of her testimony was a denial. All this aside, her testimony was sufficiently corroborated to meet the requirements of the statute. Harris v. State, 32 Ala.App. 519, 27 So.2d 794; Clark v. State, 35 Ala.App. 60, 43 So.2d 431.

Clearly the defendant was not entitled to the general affirmative charge. Welch v. State, 20 Ala.App. 468, 102 So. 914.

■ In his motion to exclude the State's evidence appellant's attorney poses the position that the corpus delicti was not proven independently of the testimony of the accomplice. As we have pointed out, it is not made certain ·by the evidence that the woman witness was an accomplice. Be this as it may, to establish the corpus delicti the State is not necessarily required to prove that the defendant is the party who committed the offense in question. Vernon v. State, 239 Ala. 593, 196 So. 96; Beans v. State, 36 Ala.App. 65, 52 So.2d 238.

The officers found two complete distilling outfits. They were suitable for the manufacture of whiskey.

94

■ Appellant's attorney complains in brief that the trial court's sentence of five years in the State penitentiary was too severe. This punishment is authorized by statute. Title 29, § 133, Code 1940.

■ The evidence in the case was sufficient to sustain the verdict of the jury and the judgment of the court. Clearly the verdict was not contrary to the great weight of the evidence.

■ A motion for a new trial was filed with the clerk of the court on March 29, 1954. The judgment was entered March 4, 1954. On July 8, 1954, appellant filed an amendment to the motion. This was more than thirty days from the date of the rendition of the judgment. The amendment seeks to pose grounds that are not germane to the original motion. Under these circumstances the amended motion was not filed within the time required by law. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331; Stephens v. State, 36 Ala.App. 444, 58 So.2d 644.

The judgment below is due to be affirmed. It is so ordered.

Affirmed.