326 So.2d 700

**Robert ARNOLD**

v.

**STATE.**

**6 Div. 64.**

Court of Criminal Appeals of Alabama.

Feb. 3, 1976.

Robert Armstrong, Alabaster, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Randolph P. Reaves, Asst. Atty. Gen., Birmingham, for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was indicted and tried for burglary in the second degree, found guilty by a jury, and sentenced by the court to imprisonment in the penitentiary for six years.

According to the testimony of Wanda M. Lewandoski, her residence was broken into while she was at work and away from her home. Several items were taken from her home, including an unsigned personalized check. The particular personalized check, with her name and address thereon, was identified by her as a witness in the case as one that had been subsequently negotiated, as though signed by her and made payable to Oscar Short. She testified that the signature was not hers and that she had not "made out a check" to Oscar Short and had not authorized anyone to do so.

According to the testimony of the cashier of the bank who cashed the check, it was presented by a man who looked like defendant, although she testified on cross-examination that she could not positively identify defendant as the man who presented the check. The check bore the endorsement of Oscar Short. She required identification, and he presented a driver's license which bore the name of Oscar Short. She required the one who presented the check to endorse it again, which he did in the name of Oscar Short. The driver's license gave an address of 1940 Henrietta Drive.

Oscar Short testified that his name as an endorser on the check was a forgery; that his address was 1940 Henrietta Drive; that a short time before the check was negotiated he was robbed of his billfold, in which he kept his driver's license. On cross-examination he testified that defendant was not the person who robbed him.

Sergeant K. R. Merchant and Sergeant W. D. Prier, deputy sheriffs of Jefferson County, testified that defendant admitted that he was guilty of the crime charged. Evidence was received as to his confession after a showing of its voluntariness and that he was fully advised of all of his rights. The admissibility of the testimony is not challenged, except in the one particular hereinafter discussed.

Edward Chandler, a witness for defendant, testified that he and defendant were in Atlanta all day January 20, 1975, the day of the burglary and the day the personalized check discussed above was cashed at the bank.

James H. Yarbrough, a deputy sheriff of Jefferson County, was called as a witness by the defense. He testified that on February 10, 1975, he stopped and searched an automobile registered in the name of defendant. Defendant was not in the automobile, in which were three occupants. He found a billfold in the automobile, three driver's licenses of different people in the billfold and credit cards on two different stores, some social security cards and some selective service cards.

A confession without independent evidence of the corpus delicti is not sufficient to support a conviction. *King v. State,* 49 Ala.App. 111, 269 So.2d 130. The State has the burden of proving the corpus delicti independently of defendant's confession before a conviction can be upheld. *Robinson v. State,* 45 Ala.App. 74, 224 So.2d 675; *Martin v. State,* 44 Ala. App. 395, 210 So.2d 704; *Connell v. State,* 39 Ala.App. 531, 105 So.2d 695, cert. denied 268 Ala. 692, 105 So.2d 700. There was proof of the corpus delicti before any testimony as to defendant's confession was presented. Other than the necessity for proof of the corpus delicti, there is no requirement that a defendant's confession be corroborated. *King v. State, supra.*

Proof of the corpus delicti does not necessarily include evidence connecting defendant with the crime. The term, meaning body of the offense, connotes the actual commission of the crime by someone. *Latham v. State,* 38 Ala.App. 92, 77 So.2d 499, cert. stricken, 262 Ala. 108, 77 So.2d 502; *Malone v. State,* 37 Ala.App. 432, 71 So.2d 99, cert. denied, 260 Ala. 699, 71 So. 2d 101.

█ Evidence showing the corpus delicti coupled with evidence of the confession of defendant furnished a sufficient basis for the verdict of the jury. In addition, the evidence of the bank cashier stating that the person who cashed the check looked like defendant adds strength to the verdict. Evidence identifying the accused as the perpetrator of a crime does not have to be positive and uncontradicted. *Carpenter v. State,* 42 Ala.App. 618, 174 So.2d 336.

Appellant challenges the admissibility of the confession for one special reason only. During the voir dire examination of one of the witnesses to the confession, the following occurred:

"Q And what did he say to you at this time?

"A He admitted that he had committed this burglary.

"Q And exactly what did he say to you, if you recall?

"A We told him that the lady was a federal judge, and he said:

" 'Well, I just blew it.'

"He said that he took the checks and carried them to the bank immediately after the burglary and cashed the check."

In identifying the victim of the burglary, the first witness for the State in the case, she was asked as to where she was employed, and she replied:

"I am an administrative law judge for the Bureau of Hearings and Appeals, for the Social Security Administration."

Appellant seeks to construe the officers' statement as a threat, saying:

"Said statements were calculated to produce a result. It could be foreseen that such statement would engender great fear and misgivings, particularly, in view of the fact that the two interrogators were acting in an official capacity. It was not enough that appellant was told that the victim of the crime was a Judge, but even more discerning and alarming, she was a Federal Judge!"

█ Appellant does not favor us with any authority to support him as to the particular point now considered. We do not view the statement as an implied threat. Certainly it was not an express threat. We look upon it as a mere identification in addition to the name of the victim and as having been made with no coercive intent or result. It is to be noted that on the voir dire examination, on cross-examination by defendant, the officers discussed with the defendant "numerous other burglaries" he had committed. This may shed some further light upon the interjection by the officers of the employment or position of the victim in further identifying this particular burglary. After the voir dire examination, defendant continued to insist on his objection to evidence of the confession, but we find that he did not make the point in the trial court that the confession, proved to be admissible in all other respects, was vitiated by reason of the reference to the position held by the victim. It was not, in our opinion.

We have considered hereinabove all of the contentions made by appellant. In addition, we have searched the record for any error prejudicial to him and have found none.

The judgment appealed from should be affirmed.

The foregoing opinion was prepared by Honorable Leigh M. Clark, Supernumerary Circuit Judge, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

Affirmed.

All the Judges concur.