We granted certiorari in this case to review the issue of whether the state, at the close of its case, can be compelled to elect the count in an indictment upon which it seeks a conviction.
The defendant was tried before a jury in the Circuit Court of Madison County on a three-count indictment charging second degree burglary, grand larceny, and, buying, receiving or concealing stolen property. The defendant moved to require the state, at the close of its case, to elect upon which count it would seek a conviction. The defendant's motion was denied and the case was submitted to the jury on all three counts. A verdict of guilty was returned by the jury on the count charging grand larceny. The Court of Criminal Appeals affirmed,401 So.2d 789, holding that their decision in Jones v. State,373 So.2d 1221 (Ala.Cr.App. 1979), relied on by the defendant, was factually inapposite.
This appeal presents two questions for resolution. The first is whether the state can be compelled to elect, at the close of its case, if it will seek a conviction for grand larceny, or, buying, receiving or concealing stolen property under the authority of Jones v. State, supra. The second question is one of fact and turns on whether defendant's case is factually distinguishable from Jones v. State. We answer the first in the negative, and, therefore, do not reach the second.
Defendant correctly argues that he cannot be convicted of both larceny and buying, receiving or concealing stolen property where the same property is involved. Deason v. State,363 So.2d 1001 (Ala. 1978); Nicholson v. State, 369 So.2d 304
(Ala.Cr.App. 1979); Davidson v. State, 360 So.2d 728
(Ala.Cr.App. 1978), cert. denied, State ex rel. AttorneyGeneral, 360 So.2d 731 (Ala. 1978). Defendant argues, therefore, that because he cannot be found guilty of both crimes, the state should be compelled to elect the one upon which it seeks a conviction. The defendant contends that moving to compel the state to elect was a proper means of protecting him from being found guilty of both crimes. Jones v. State,supra. We disagree with defendant's contention. This court has held previously that:
 Where two distinct felonies are charged in different counts, it is not a matter of legal right pertaining to the accused, that the State should be compelled to elect for which one of the offenses it will prosecute; nor will the court compel such election, where the two counts are joined, in good faith, for the purpose of meeting a single offense. It is a practice sanctioned by common custom, and by the law, to charge a felony in different ways, in different counts of the indictment, so as to provide for the different phases which the evidence may *Page 796 
present upon the trial; and where such is the bona fide purpose of the joinder of counts, the court never exercises its power of quashing the indictment, or compelling an election.
Mayo v. State, 30 Ala. 32, 33 (1857).
The Mayo court then observed that an election may be compelled upon the state where there is an attempt "to convict the accused of two or more offenses growing out of distinct and separate transactions. . . ." Mayo v. State, 34. That is not the case here. Wilcox was indicted and tried for three different crimes which all arose from the same alleged transaction. No election could have been required of the state. To require an election would unfairly deprive the state of its opportunity to seek a conviction on a legitimate theory. Long ago, this court noted the propriety of charging different offenses for the same act:
 Due precaution suggests the propriety of charging a single offense in different ways in different counts, so as to meet every probable aspect of the case, that may be presented by the evidence. When the distinct felonies are so charged, in good faith, for such purpose, the accused has no legal right to compel the State to elect for which it will proceed to prosecute. The court will not exercise its power to compel an election, unless it appears, either from the indictment or the evidence, that an attempt is made to convict the accused of two or more offenses growing out of separate and distinct transactions.
Butler v. State, 91 Ala. 87, 90, 9 So. 191, 192 (1891).
The effect of our holding is that although a defendant cannot be convicted of both larceny and buying, receiving or concealing stolen property, where the same property is involved, the state may, nevertheless, seek convictions upon both. Defendant's right not to be convicted of both can be safeguarded by requesting that the jury be instructed to specify the count under which they find the defendant guilty, and in situations where no evidence is presented as to a particular count, a directed verdict can be requested as to that count. Nicholson v. State, 306-7. To the extent that Jonesv. State, 373 So.2d 1221 (Ala.Cr.App. 1979), suggests that a defendant seeking to avoid being convicted of both larceny and buying, receiving or concealing stolen property, can compel the state to elect between its theories, it is expressly overruled.
The decision of the Court of Criminal Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.