445 So.2d 939 (1983)
Ex parte Pete THOMAS.
(In re Pete Thomas v. State of Alabama.)
82-551.
Supreme Court of Alabama.
September 16, 1983.
Rehearing Denied December 22, 1983.
*940 John Bertolotti, Jr., Mobile, for petitioner.
Charles A. Graddick, Atty. Gen., and Gerrilyn V. Grant, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petitioner Pete Thomas was tried under a two-count indictment charging him with third-degree burglary and receiving stolen property. At the conclusion of the presentation of all the evidence, Thomas moved for a directed verdict on both counts in the indictment. The trial judge granted the motion as to the burglary count, but allowed the second count to go to the jury. Thomas was found guilty of receiving stolen property, and sentenced to a term of five years' imprisonment. The Court of Criminal Appeals, 445, So.2d 936, affirmed the conviction.
The petitioner, in requesting certiorari, asserts that the decision of the Court of Criminal Appeals is in conflict with prior decisions of that court. We agree and reverse.
The dispositive issue raised by Thomas is whether the evidence presented by the state which proved Thomas came into possession of the property described in the indictment solely by burglarizing a house precluded a conviction of receiving stolen property. We hold that it did.
The facts of the case are set out in full in the opinion of the Court of Criminal Appeals. The trial court refused to submit the charge of burglary to the jury, on the grounds of insufficiency of the evidence. In Ex parte Wilcox, 401 So.2d 794 (Ala. 1981), this court held:
[A]lthough a defendant cannot be convicted of both larceny and buying, receiving or concealing stolen property, where the same property is involved, the state may, nevertheless, seek convictions upon both. Defendant's right not to be convicted of both can be safeguarded by requesting that the jury be instructed to specify the count under which they find the defendant guilty, and in situations where no evidence is presented as to a particular count, a directed verdict can be requested as to that count.

Ex parte Wilcox, supra, at 796. (Emphasis added).
In the case before us, the trial court concluded that the defendant's motion for a directed verdict was due to be granted as to the burglary count. However, the record is clear, as reflected in the opinion of the Court of Criminal Appeals, that the corpus delicti of burglary was proved. It is also clear that the state presented evidence that Thomas, after being advised of his constitutional rights, made an oral statement to the police that he and another had broken into the victim's house, stolen the television set described in the indictment, and taken it to his (Thomas's) house. There is no indication that this evidence was disputed by the defendant, or that any other theory was proffered as to how the television set came into the hands of the defendant.
There are a number of Alabama cases indicating that evidence of the corpus delicti plus a confession is sufficient to sustain a conviction. In Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.), cert. denied, 378 So.2d 1173 (Ala.1979), a murder case, the Court of Criminal Appeals stated:
Once there is independent evidence of the corpus delicti, a confession is not required to be corroborated. King v. State, 49 Ala.App. 111, 269 So.2d 130 (1972). The confession of accused, alone, may be sufficient to show his connection with the homicide if the corpus delicti is established by other evidence. Arnold v. State, 57 Ala.App. 172, 326 So.2d 700 (1976); Smith v. State, 25 Ala.App. 297, 145 So. 504 (1933); Minton v. State, 20 Ala.App. 176, 101 So. 169 (1924); Rowe v. State, 243 Ala. 618, 11 So.2d 749 (1943).
Johnson v. State, supra, at 1170.
In Arnold v. State, 57 Ala.App. 172, 326 So.2d 700 (1976), the defendant challenged *941 the sufficiency of the evidence in his burglary conviction. The appellate court held:
Proof of the corpus delicti does not necessarily include evidence connecting defendant with the crime. The term, meaning body of the offense, connotes the actual commission of the crime by someone. Latham v. State, 38 Ala.App. 92, 77 So.2d 499, cert. stricken, 262 Ala. 108, 77 So.2d 502; Malone v. State, 37 Ala.App. 432, 71 So.2d 99, cert. denied, 260 Ala. 699, 71 So.2d 101.
Evidence showing the corpus delicti coupled with evidence of the confession of defendant furnished a sufficient basis for the verdict of the jury.
Arnold v. State, supra, 57 Ala.App. at 173, 174, 326 So.2d 700. In that case, as in the one before us, the confession was an oral one, testified to by the officers to whom it was made. In light of the above holdings, it is plain that there was ample evidence in the case before us to have allowed the jury to decide whether Thomas was guilty of burglary as charged in the indictment.
In its opinion in this case, the Court of Criminal Appeals quoted Davidson v. State, 360 So.2d 728 (Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala.1978), for the proposition that evidence tending to prove that the accused came into possession of the property described in the indictment solely through the burglary of a house is insufficient to authorize a conviction of receiving stolen goods. In addition, we note Guerin v. State, 396 So.2d 132 (Ala.Cr. App.1980), cert. denied, 396 So.2d 136 (Ala. 1981). In that case, the state presented evidence that the defendant, who was charged in the indictment with grand larceny and buying, receiving, or concealing stolen property, had driven a tractor to the office of the owner of a pulverizer, stating that "he (defendant) was going to pick up a pulverizer." The owner's pulverizer, later reported stolen, was next to his office at the time the defendant arrived with the tractor. The stolen pulverizer was subsequently found in the possession of the defendant. There was no testimony that anyone actually saw the defendant remove the pulverizer from the owner's premises. The defendant presented no evidence. Both counts of the indictment were submitted to the jury, which found the defendant guilty of buying, receiving or concealing stolen property. The Court of Criminal Appeals reversed, holding:
Under the evidence of this case, including the absence of theft by any other party, the only reasonable conclusion from the inferences of the evidence is that the defendant stole the pulverizer. For this reason he cannot be convicted of buying, receiving or concealing stolen property.
Guerin v. State, supra, at 135.
The case of Craig v. State, 375 So.2d 1252 (Ala.Cr.App.), cert. denied, 375 So.2d 1257 (Ala.1979), relied on by the State, is easily distinguishable from the case before us. The Court of Criminal Appeals noted, in Craig, that the evidence did not show that Craig participated in the burglary. "That he may have done so cannot be reasonably doubted, but there is no definite evidence to that effect. On the contrary, defendant's own testimony stands as undisputed repudiation of that theory." Craig v. State, supra, at 1254.
Such is not the situation before us. The undisputed testimony here is: that a house was burglarized and a television set stolen; that the defendant admitted that he broke into the house, took a television set, and transported it to his house; and that the stolen television set was found in his house. On the basis of these facts and the foregoing discussion, we hold that the defendant cannot be convicted of receiving stolen property.
Because of our decision on this issue, we do not reach the other issue raised by the petitioner.
The judgment of the Court of Criminal Appeals is reversed and the cause remanded.
REVERSED AND REMANDED.
FAULKNER, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., dissent.
*942 MADDOX, Justice (dissenting).
I must respectfully disagree with the majority that "there was ample evidence in the case ... to have allowed the jury to decide whether Thomas was guilty of burglary as charged in the indictment." The Court of Criminal Appeals found that other than the defendant's confession:
"No other evidence was presented which showed the appellant had in fact burglarized the residence or was in any way connected with the burglary. Moreover, during the trial the judge stated that the appellant was not placed anywhere near the burglarized residence and that the case would not be submitted to the jury on the burglary count due to the insufficiency of the evidence."
In view of the fact that an essential element of burglary was not proven, I think the Court of Criminal Appeals correctly applied the law, and I would affirm.
TORBERT, C.J., and JONES and SHORES, JJ., concur.