McMILLAN, Judge.
The appellant was convicted of receiving stolen property in the second degree, in violation of § 13A-8-18, Code of Alabama (1975). He was sentenced to 20 years’ imprisonment.
I
The appellant argues that the trial court erred in allowing into evidence the Alabama Uniform Incident/Offense Report and testimony concerning the identification of the stolen property. The record indicates that Deputy Stockton, who investigated this case, testified extensively concerning the missing items, without objection *870 from the appellant. Thereafter, on redirect examination, the State sought to introduce the incident report into evidence. The appellant objected to its admission, stating that it could be used to refresh Stockton’s recollection but should not be admitted because the State had not laid the proper predicate for the business record exception to the hearsay rule.
Incident reports made by investigating officers, although generally hearsay, may be introduced if they meet one of the hearsay exceptions. Worsham v. Fletcher, 454 So.2d 946 (Ala.1984). In order to lay a proper predicate for the admission into evidence under the business records exception to the hearsay rule, the following must be established:
“Testimony by any witness, frequently the custodian of the record, that the document now exhibited to him is a record of the business; that he knows the method (i.e., the standard operating procedure) used in the business of making records of the kind now exhibited to him; and that it was the regular practice of the business to make records of such kind and to make them at the time of the event recorded or within such specified period thereafter as could be found by the trier of fact to be reasonable, is a sufficient authentication of the record to require its admittance into evidence.”
C. Gamble, McElroy’s Alabama Evidence, § 254.01(3) (3d ed. 1977).
In the present case, Deputy Stockton testified that the incident report was a record of police business that is always made in the investigation of an incident. Thus, the proper predicate was laid.
The appellant further argues that, even if the report meets the business records exception, it should not have been admitted into evidence because it was not the best evidence of the identification of the stolen property. C. Gamble, McElroy’s Alabama Evidence, § 254.01(5) (3d ed. 1977). The appellant submits that an original handwritten list, which contained the serial numbers of the guns in the victim’s family’s possession, would have been the best evidence of the missing guns. However, the record indicates that the list contained the serial numbers of every gun in the family’s possession, and did not specify those that were stolen during the burglary. Therefore, the incident report, which does specify and identify the stolen guns, was the best evidence.
Moreover, we note that both Deputy Stockton and Mrs. Martin, who owned the home from which the guns were stolen, had already testified concerning the missing items without an objection from the appellant. See Smoot v. State, 520 So.2d 182 (Ala.Cr.App.1987).
II
The appellant argues that the trial court erred in allowing the case to be continued at the State’s request. The record indicates that at 1:00 p.m. on Wednesday, April 5, 1989, the State requested a continuance because a witness, for whom a subpoena had been issued, had not been located and served. The defense counsel objected on the grounds that a continuance would serve only the State’s interest and not the appellant’s. The trial court granted the continuance until Friday, April 7, 1989. Although the appellant argues that he was prejudiced by this continuance, he fails to cite specifically how he was prejudiced. Granting a motion for continuance is a matter addressed to the trial court’s discretion, Reynolds v. State, 539 So.2d 428 (Ala.Cr.App.1988), and this decision will not be reversed on appeal absent a showing of abuse of discretion by. the trial court. Jackson v. State, 560 So.2d 1100 (Ala.Cr.App.1989). We find that the trial court 'did not abuse its discretion in granting the State’s motion for continuance.
III
The appellant argues that the indictment contained an improper joinder of offenses and that the trial court erred in failing to require the State to make an election as to the offenses. The record indicates that count I of the indictment charged the appellant with receiving stolen property in the second degree; count II of *871 the indictment charged the offense of theft of property in the second degree; and count III of the indictment charged the offense of burglary in the third degree. The appellant contends that because he could not be convicted of the charge of theft and/or burglary and also the charge of receiving stolen property as to the same property, the State should have been required to elect among the charges. The appellant cites § 15-8-52, Code of Alabama (1975), which states:
“When offenses are of the same character and subject to the same punishment, the defendant may be charged in an indictment with the commission of either in the same count in the alternative.” (Emphasis added.)
Therefore, the appellant alleges that he should have been charged with the theft and burglary offenses in the alternative in the count of the indictment charging the receiving of stolen property.
However, Rule 15.3(a), A.R.Crim.P.Temp. reads as follows:
“Two or more offenses may be joined in an indictment, information, or complaint, if they:
“(i) are the same or similar character; or
“(ii) are based on the same conduct or are otherwise connected in their commission; or
“(iii) are alleged to have been part of a common scheme or plan.
“Offenses shall not be joined in the same count of an indictment or information.”
Thus, Rule 15.3, A.R.Crim.P.Temp., specifically prohibits the joinder of offenses in the same count of an indictment and provides for the joinder of offenses in the same indictment where they are based on the same conduct or connected in commission or alleged to be part of a common scheme or plan. Therefore, the indictment properly charged the appellant with the three offenses in three separate counts.
Moreover, although the appellant alleges that the State should have been required to elect which offense it would pursue, the Alabama Supreme Court has held that “although the defendant could not be convicted of both larceny and buying and receiving or concealing stolen property where the same property is involved, the State could seek convictions upon both.” Ex parte Wilcox, 401 So.2d 794, 796 (Ala.1981). Ex parte Wilcox, supra, specifically overruled Jones v. State, 373 So.2d 1221 (Ala.Cr.App.), cert. denied, 373 So.2d 1225 (Ala.1979), which held that a defendant could compel the State to elect between the charges of larceny and buying, receiving, or concealing stolen property.
“ ‘Where two distinct felonies are charged in different counts, it is not a matter of legal right pertaining to the accused, that the State should be compelled to elect for which one of the offenses it will prosecute; nor will the court compel such election, where the two counts are joined, in good faith, for the purpose of meeting a single offense. It is a practice sanctioned by common custom, and by the law, to charge a felony in different ways, in different counts of the indictment, so as to provide for the different phases which the evidence may present upon the trial; and where such is the bona fide purpose of the joinder of counts, the court never exercises its power of quashing the indictment, or compelling an election.’ ”
Ex parte Wilcox, supra, at 795-96, quoting Mayo v. State, 30 Ala. 32 (1857). Therefore, the trial court acted properly in not requiring the State to elect among the charges.
IV
The appellant argues that the State’s opening argument was improper in that it was overly broad. The appellant cites the following passage that occurred during the district attorney’s opening argument:
“Now, the Judge is going to straighten these out when he charges you. I think he is going to tell you that you may find Mr. Bates guilty of burglary if you believe the evidence and you believe he did it. You may find — ”
The defense counsel thereafter objected as follows:
*872 “Your Honor, we’re going to object. This is argument. You will tell the jury what the law is. This is not what the State expects the evidence to show. All this is is the law the State thinks you will instruct the jury as to and not a proper opening statement.”
The trial court overruled the defense counsel’s objection.
“It is a well-established rule that the scope and latitude of the opening statement are matters that rest within the sound discretion of the trial judge and his ruling should not be disturbed on appeal unless an abuse is shown. Winnings v. State, Ala.Cr.App., 370 So.2d 323, cert. denied, Ala., 370 So.2d 329 (1979).” Brown v. State, 401 So.2d 213, 216 (Ala.Cr.App.), cert. denied, 401 So.2d 218 (Ala.1981). The record contains no indication of abuse by the trial court, nor any indication of prejudice to the appellant as a result of the district attorney’s opening statement.
V
The appellant argues that the trial court erred in denying his motion for acquittal at the close of the State’s evidence. Specifically, the appellant alleges that the State failed to produce any evidence that he intentionally received the stolen property knowing that it had been stolen.
According to § 13A-8-16(a), Code of Alabama (1975), the offense of receiving stolen property is defined as follows:
“A person commits the crime of receiving stolen property if he intentionally receives, retains, or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has- been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.”
The State presented evidence that the appellant was in possession of one of the stolen shotguns when he was arrested. The State also presented evidence that the appellant kept the guns hidden in some bushes and actively sought a buyer for the guns. One witness for the State testified that he accompanied the appellant to the location in the woods where the appellant kept the guns. The appellant’s concealment of the guns evidenced a consciousness of guilt. The jury may properly infer the requisite scienter from the facts and circumstances surrounding the transaction. Goodman v. State, 401 So.2d 208 (Ala.Cr.App.), cert. denied, 401 So.2d 213 (Ala.1981). See also Tyree v. State, 407 So.2d 580 (Ala.Cr.App.1981). Moreover, the possession of recently stolen goods raises a presumption that the appellant had the requisite knowledge. Berry v. State, 408 So.2d 548 (Ala.Cr.App.1981), cert. denied, 408 So.2d 551 (Ala.1982), cert. denied, 456 U.S. 934, 102 S.Ct. 1989, 72 L.Ed.2d 453 (1982). Therefore, the trial court properly denied the appellant’s motion for judgment of acquittal and submitted the case to the jury. See Ashurst v. State, 462 So.2d 999 (Ala.Cr.App.1984).
VI
The appellant argues that the trial court erred in allowing testimony concerning his use of profanity during the incident that lead to his arrest; the appellant cites no authority in support of his argument.
The record indicates that Joyce White, who was working on the day in question at a convenience store, telephoned police with a complaint regarding the appellant. White testified that the appellant was having words with an employee when she entered the store and that the appellant used profanity against her. The appellant then threatened her, pulled his jacket back, and exposed a gun that was shoved down his pants. White’s husband entered the store and asked the appellant to leave. After he left, White telephoned the sheriff’s office. The appellant was found in possession of the gun and was arrested.
The appellant objects to White’s testimony concerning his use of profanity. He argues that this testimony was not relevant and merely admitted to show the appellant’s bad character and he further argues that the testimony’s prejudicial effect outweighed its probative value.
Relevance is a matter for the trial court’s discretion. “This is where such power should lie because, unless some discretion *873 is vested in the trial judge, every ruling upon the admissibility of a particular fact of a kind above-mentioned becomes a law unto itself. If any particular rule of evidence runs into numerous borderline cases, we must either give the trial court some discretion in applying it or admit that the rule is not workable at all.” C. Gamble, McElroy’s Alabama Evidence (3d ed.1977), § 21.01(6). The testimony concerning the appellant’s use of profanity was admitted as part of the events leading to the appellant’s arrest. We find no abuse of discretion by the trial court in allowing this testimony into evidence.
VII
The appellant argues, without citing any authority, simply that the cumulative effect of the errors alleged in his brief prohibited him from receiving a fair and impartial trial. However, as we have determined that each of the matters raised by the appellant in brief did not constitute prejudicial error, we find no cumulative error. See Harris v. State, 513 So.2d 79, 83 (Ala.Cr.App.1987).
AFFIRMED.
All the Judges concur.