The appellant was convicted of sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama 1975, as charged in the indictment. The appellant was sentenced as a habitual offender to 15 years in the state penitentiary and was ordered to pay a $5,000 fine.
 I
The appellant first contends that the trial court erred in denying his motion for judgment of acquittal because, he says, the State failed to prove that venue was proper in Calhoun County. It is unnecessary for this court to reach the merits of the appellant's claim. The record offers no evidence that the appellant specifically objected to the State's alleged failure to prove that venue was proper. This issue is waived in the absence of an objection at trial specifically raising this issue. Kelley v. State, 568 So.2d 405, 407
(Ala.Crim.App. 1990).
 II
The appellant also contends that he was denied effective assistance of counsel as guaranteed by theSixth Amendment to the United States Constitution, and thus that the trial court improperly denied the appellant's *Page 96 
motion for new trial based on that ground. The Supreme Court has recognized that the fundamental issue to be decided in effective assistance of counsel cases is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, at 686,104 S.Ct. 2052, at 2064, 80 L.Ed.2d 674 (1984). Strickland
identifies two components of an ineffective assistance of counsel claim: "First, the defendant must show that counsel's performance was deficient and that counsel's errors were so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that counsel's deficient performance prejudiced the defense." 466 U.S. at 687, 104 S.Ct. at 2064. The defendant must prove both prongs of the Strickland test to be successful in an ineffective assistance claim. See Williams v. State,480 So.2d 1265 (Ala.Crim.App. 1985).
The appellant sets forth a number of acts or omissions on the part of his court-appointed attorney that he contends were the result of a lack of reasonable judgment and that he contends were deficient and outside the range of professionally competent assistance. First, the appellant claims that he was denied the effective assistance of counsel because his attorney failed to object under Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to the State's use of peremptory challenges to strike the majority of the black prospective jurors on the venire. However, we can find no evidence in the record that this particular ground was ever raised in the appellant's motion for new trial. UnderStrickland, "a defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." In his motion for new trial, the appellant raised the issue of ineffective assistance of counsel, but he did not specifically refer to the failure of his counsel to make a Batson objection. "Claims of inadequate representation cannot be determined on direct appeal where such claims were not raised before the . . . [trial] court and there has been no opportunity to develop and include in the record evidence bearing on the merits of the allegation." Kelley v.State, 568 So.2d 405, 412 (Ala.Crim.App. 1990). This issue was thus not properly preserved for review.
Second, the appellant claims a lack of trial preparation and inadequate discovery on the part of his counsel. Based upon the testimony by the appellant's attorney, Mr. Vardaman, we cannot view Mr. Vardaman's trial preparation and discovery as deficient and outside the range of professionally competent assistance. Mr. Vardaman testified that he consulted with the appellant and his family a number of times. He stated that he consulted with the district attorney's office, that he interviewed potential witnesses, and that he informed the appellant of the consequences of both taking the stand in his own behalf and of the provisions of the habitual offender law. We believe the evidence clearly refutes the appellant's allegation that Mr. Vardaman failed to prepare for trial.
Third, the appellant claims that his counsel was ineffective for failing to challenge the State's proof of venue. This claim has no merit. Clearly, the evidence shows that the crime occurred at Southside Elementary School in Piedmont, Alabama. It is undisputed that Piedmont is located in Calhoun County, Alabama, and a challenge of venue would have failed. The appellant's counsel was not ineffective for failing to challenge venue.
Fourth, the appellant argues that his attorney was ineffective because he failed to submit proposed jury charges and because he failed to object to the trial court's jury charges. We find nothing improper in the trial court's oral jury charge. Also, because we conclude that the court's charge was proper, we find no error in the failure of appellant's counsel to object to the jury charge. Duren v. State,590 So.2d 360, 367 (Ala.Crim.App. 1990), aff'd, Ex parte Duren,590 So.2d 369 (Ala. 1991), cert. denied, *Page 97 ___ U.S. ___, 112 S.Ct. 1594, 118 L.Ed.2d 310 (1992).
Fifth, the appellant's contention that his attorney failed to fully inform him of the consequences of his failure to testify is without merit. Mr. Vardaman testified that he strongly urged the appellant to settle his case because the appellant felt strongly about not taking the witness stand. The appellant was very much aware of the choices he was making.
Finally, the appellant argues that his attorney was ineffective for failing to object to various questions, comments, and arguments posed by the State. The record provides no grounds to support this argument. "Effectiveness of counsel does not lend itself to measurement by picking through the transcript and counting the places where objections might be made." Stringfellow v. State, 485 So.2d 1238, 1243
(Ala.Crim.App. 1986). The record offers no evidence that the appellant was prejudiced by his counsel's failure to object to the State's questions, comments, and arguments.
 III
The final claim brought by the appellant is that the trial court erred in using a prior conviction — CC-80-85, which was a grand larceny conviction — to enhance his sentence under the habitual offender law because, he argues, he was not represented by counsel at that proceeding. The appellant also avers that the trial court erred in continuing his sentencing hearing so that it could obtain the transcript of the guilty plea proceedings in case No. CC-80-85. Further, the appellant claims that the trial court erred by admitting into evidence, on the trial court's own motion and over the appellant's timely objection, the transcript of the appellant's guilty plea in CC-80-85. The State bears "the burden of proving a valid prior conviction in which appellant was either represented by counsel or waived same," before such a prior conviction can be used to enhance the appellant's punishment under the Habitual Felony Offender Act. Meadows v. State, 473 So.2d 582, 588
(Ala.Crim.App. 1985). In the instant case, the State met this burden by introducing exhibit no. 1, which plainly demonstrates that the appellant, when he was pleading case no. CC-80-85, knew that he had the right to hire a lawyer to represent him, but chose instead to waive this right. Moreover, Meadows held that, "if the appellant had contended that the former conviction was invalid for enhancement purposes because of lack of representation, he would have borne the burden of presenting evidence in support thereof." The record is clear that the appellant failed to bear the burden of presenting evidence to support his contention that he was not represented by counsel at the prior proceeding. It is clear that the appellant knowingly had waived his right to an attorney in the prior conviction.
Furthermore, "[G]ranting a . . . continuance is a matter addressed to the trial court's discretion." Bates v. State,574 So.2d 868, 870 (Ala.Crim.App. 1990). Bates also held that a decision to continue "will not be reversed on appeal absent a showing of abuse of discretion by the trial court." In this case, the trial court continued the sentencing hearing to obtain a copy of the transcript of the guilty plea proceeding in the prior conviction. We find no abuse of discretion in this instance.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.