In 1995, the appellant, Henry O'Neal Gibby, was convicted of two counts of unlawful distribution of a controlled substance and three counts of conspiracy to unlawfully distribute a controlled substance, violations of § 13A-12-211, and § 13A-12-204, Ala. Code 1975, respectively. Gibby was sentenced pursuant to the Habitual Felony Offender Act to 15 years' imprisonment in each case. The sentences were to run concurrently. Gibby's convictions were affirmed by this Court in an unpublished memorandum; the application for rehearing was overruled. See Gibby v. State, (CR-95-0339) 689 So.2d 1009 (Ala.Cr.App. 1996) (table). We take judicial notice of the record of the appellant's direct appeal.
On July 2, 1998, Gibby filed a petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P. (R.2.) The State filed a response on July 14, 1998. (R.11.) On July 20, 1998, the trial court, without a hearing, entered a written order denying Gibby's petition. (R.16.) This appeal followed.
 I.
Gibby contends that he was denied his right to counsel at trial. Gibby, however, raised this issue on direct appeal; therefore, it is procedurally barred from our review pursuant to Rule 32.2(a)(4), Ala.R.Crim.P.
 II.
Gibby contends that he was deprived of his right to testify at trial and to present a defense. This claim is refuted by the record on direct appeal. At the close of the State's case, the following exchange occurred between the trial court and Gibby:
 "THE COURT: Okay. now, you have the right to testify, if you choose to do so.
"[Gibby]: I'd like to testify.
 "THE COURT: Let me finish. You do not have to testify, because the Fifth Amendment does not require you to testify. That is your choice. Okay? You do not have to testify. If you choose to *Page 1208 
testify you may do so. But if you testify, then you must answer the district attorney's questions on cross-examination.
"[Gibby]: Okay.
"THE COURT: Do you wish to testify or not?
"[Gibby]: No, sir, not today.
"THE COURT: Not today.
"[Gibby]: No, sir.
"THE COURT: Okay. Be seated."
(R. 172-73.)
Based on the record from Gibby's direct appeal we conclude that he knowingly and voluntarily waived his constitutional right to testify at his trial; therefore, we find no merit in this claim.
 III.
Gibby further claims that the trial court was not fair and impartial. Specifically, he argues that the trial judge had, before his trial, recused himself from ruling on some civil matters involving Gibby's property. (Appellant's brief at p. 21). According to Gibby, the trial judge's recusal indicated a bias. This claim is a bare allegation. Gibby has failed to show how he was prejudiced by any actions of the trial court. Additionally, the district attorney's response to Gibby's petition indicates that the trial judge recused on a number of civil cases that were pending before the trial judge's predecessor and that the recusal from the civil proceedings involving Gibby and others was not related to Gibby or to his case (R.27.) Consequently, we do not believe that Gibby suffered any prejudice by this trial judge's participation in Gibby's criminal trial. Gibby has failed to meet his burden of proof with regard to this claim. Rule 32.3, Ala.R.Crim.P.
 IV.
Gibby also contends that his appellate counsel was ineffective for failing to raise in a motion for new trial and on appeal the claims Gibby now raises in this petition . In order to prove that counsel was ineffective, an appellant in a post-conviction proceeding must show that the counsel's conduct was deficient and that the appellant was prejudiced by that conduct.Humphrey v. State, 605 So.2d 848 (Ala.Cr.App. 1992); andStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). With regard to Gibby's claims, which we determined were either raised and addressed on direct appeal or have no merit, Gibby has not shown that his counsel was deficient or that he was prejudiced by his conduct. Counsel cannot be ineffective for failing to raise nonmeritorious claims. Cf.Reynolds v. State, 615 So.2d 94 (Ala.Cr.App. 1992). With regard to Gibby's sentencing claim, which we address below, Gibby has failed to show that "but for" counsel's performance, the outcome of his direct appeal would have changed. At most, Gibby's sentencing claim would entitle him to a new sentencing hearing. Therefore, Gibby has failed to meet his burden of pleading with regard to his claim of ineffective assistance of counsel. Rule 32.3, Ala.R.Crim.P.
 V.
Gibby next challenges the legality of his sentence because, he says, the state did not present proper proof of the two prior felony convictions it used for the purposes of enhancing his sentence under the Habitual Felony Offender Act. Specifically, Gibby challenges the use of his conviction in Clarke County — case number 92-185. The State in response asserts that his argument is procedurally barred by Rule 32.3(a)(4)(5) and Rule 32.6, Ala.R.Crim.P. The State also asserts that the record of Gibby's trial reflects "that the State of Alabama presented documentary evidence that the defendant had at least two prior felony convictions." (C.R. 15.) In its order dismissing this claim, the trial court indicated that this claim was barred pursuant to Rule *Page 1209 
32.2(a)(3), (4), (5), and Rule 32.6, Ala.R.Crim.P. The trial court also found "that the State of Alabama at the sentencing hearing presented documentary proof that the defendant had at least two prior felony convictions." (C.R. 18.)
On appeal Gibby argues that "the record reflects the State offered as proof in one of the cases [Clarke County case number 92-185] only an order of probation with no reference to counsel" and that, consequently, there was not proper proof before the trial court to establish enhancement with this conviction. (Appellant's brief at p. 22.)
The record of Gibby's direct appeal indicates that at the sentencing hearing, the state presented evidence that the appellant had two prior felony convictions; however, only one prior conviction, Clarke County case number 86-22P, was proven by the introduction of a certified copy of the judgment of the conviction. (R. on dir. app., p. 56); see also Johnson v. State,541 So.2d 1112 (Ala.Cr.App. 1989). We are unable to determine from the record what evidence the trial court relied on in establishing Gibby's conviction from Clarke County in case number 92-185. It appears that Gibby may have been improperly sentenced. Therefore, we must remand this case to the trial court because Gibby has presented an issue with merit that entitles him to a determination on the merits. Rogers v. State, [Ms. CR-97-1848, September 11, 1998] 728 So.2d 690 (Ala.Cr.App. 1998); Crenshaw v.State, [Ms. CR-97-1116, October 2, 1998] 740 So.2d 478 (Ala.Cr.App. 1998).
Accordingly, we remand this case to the trial court with directions that the trial court address the merits of Gibby's sentencing issue as discussed in this opinion and make specific findings of fact in compliance with Rule 32.9, Ala.R.Crim.P. At the hearing, the State shall produce proper evidence of the prior felony convictions used to enhance Gibby's sentence. If Gibby's allegation is true and the State did not prove Gibby's Clarke County conviction, his sentences exceeded the maximum allowed by law and are void. In that case, the trial court should set aside Gibby's sentences and resentence Gibby, using the prior conviction the State has proven. If the trial court determines that it is necessary to resentence Gibby, Gibby and his counsel should be present. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary, depending on the evidence presented at the hearing, concerning Gibby's sentences. In any event, due return shall be made to this court within 42 days after the release of this opinion. The return to remand shall include a transcript of the remand proceedings and the evidence submitted, as well as the trial court's findings of fact.
REMANDED WITH DIRECTIONS.
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.