McMILLAN, Presiding Judge.
On September 18, 2002, the appellant, Henry Clay Smith, filed this, his third Rule 32, Ala. R.Crim. P., petition. Smith contended that an October 3, 2001, resen-tencing by the trial court was improper because the State did not give him notice of the prior convictions it intended to use at the resentencing to enhance his sentences. He also contended that the resen-tencing was improper because he was not granted a sentencing hearing, he was not present, and he was not represented by counsel. The circuit court summarily dismissed Smith’s petition, finding that Smith had been given notice of the prior convictions before his original sentencing and that the resentencing was proper under Rule 26.6(b)(1), Ala. R.Crim. P.
*393 On September 27, 1995, the appellant was convicted of attempted murder and assault in the first degree. On November 6, 1995, the trial court sentenced him, as a habitual offender with three prior felony-convictions, to life imprisonment without parole on the attempted murder conviction and to life imprisonment on the first-degree assault conviction, the sentences to run concurrently. This court affirmed the judgment in an unpublished memorandum, and the Alabama Supreme Court denied certiorari review. After the appellant’s first Rule 32 petition was denied in 1999, he successfully challenged one of the felony convictions used to enhance his sentences in 1995. He then filed a second Rule 32 petition attacking the 1995 sentences. On October 3, 2001, the circuit court granted Smith’s second petition and resentenced him as a habitual offender with two prior convictions. The court used the two prior convictions that had not been vacated on appeal. The court ordered Smith to serve 99 years for each conviction, the sentences to run consecutively.
I.
The appellant first contends that he did not receive notice of the prior convictions used to enhance his sentence at the resentencing. However, the State filed with its response a copy of a motion filed in open court on September 27, 1995. The motion stated that the State intended to proceed under the Habitual Felony Offender Act (“the HFOA”). The motion also listed three prior convictions that were to be used for enhancement purposes.
In order to resentence a defendant under the HFOA, the act must have been invoked before the defendant’s original sentencing. Moore v. State, 739 So.2d 530 (Ala.Crim.App.1998). Here, the State invoked the HFOA and notified the appellant of the three convictions to be used for enhancement before he was sentenced on November 6, 1995. The circuit court subsequently used two of these convictions in resentencing the appellant, excluding the conviction that had been vacated. Therefore, the appellant had sufficient notice of the prior convictions that were to be used by the court to enhance his sentence on resentencing.
II.
The appellant also contends that he did not have a resentencing hearing and that he was not represented by counsel for the purposes of resentencing. Rule 26.6(b)(1), Aa. R.Crim. P., states that a sentencing hearing is required in all cases in which the judge has “discretionary” sentencing authority, unless a hearing is waived by the parties with the consent of the court. There is no evidence of a waiver in the present case.
The circuit court stated in its order of dismissal that the only alternative it had in sentencing the appellant on the attempted-murder conviction was life or 99 years’ imprisonment. The court also stated that it “intended to make no material change in the life sentence originally imposed on the petitioner for the first degree assault conviction”; that a life or 99-year sentence “remained authorized” under § 13A-5-9(b)(2), Aa.Code 1975; and that the October 3, 2001, sentencing order had “merely changed the life sentence to the alternative of 99 years imprisonment on the first degree assault conviction and specified that it would run consecutive to the other 99 years sentence for attempted murder.” However, the trial court erred in finding that it had no discretion regarding the appellant’s sentences.
Assault in the first degree is a Class B felony. § 13A-6-20(b), Aa.Code 1975. When a criminal is convicted of a Class B felony after he has been previously convicted of two felony offenses, he must be *394 punished by “imprisonment for life or for any term of not more than 99 years but not less than 15 years.” § 13A — 5—9(b)(1). Here, the circuit court could have sentenced the appellant to a term as short as 15 years or as long as 99 years or life. The court also could have determined whether the sentences were to be served consecutively or concurrently. See Rule 26.12(a) and (b), Ala. R.Crim. P., which provide that sentences are to run consecutively unless the court directs otherwise and that the court may direct a sentence to be served consecutively with any other sentence.
Because the circuit court had discretion in determining the appellant’s sentences, a sentencing hearing was required. Rule 26.6(b)(1), Ala. R.Crim. P.; Cf. Holley v. State, 651 So.2d 50 (Ala.Crim.App.1994)(court’s error in sentencing defendant without a sentence hearing was harmless because Holley received the minimum sentence). The appellant also had the right to be present at the sentence hearing with his counsel. Gibby v. State, 753 So.2d 1206 (Ala.Crim.App.1999). Because a proper hearing was not conducted, this case must be remanded to the circuit court.
On remand, the circuit court is instructed to conduct a sentencing hearing in accordance 26.6(b)(1), Ala. R.Crim.- P. The appellant and his counsel should be present for the hearing and sentencing; unless their presence is waived. A return should be filed with this court within 42 days after the release of this opinion.
REMANDED WITH DIRECTIONS.*
COBB; BASCHAB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On August 13, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.